Thomas F. LIMERICK, et al.,
Plaintiffs, Appellants,

v.

Carol S. GREENWALD, et al.,
Defendants, Appellees.

No. 81–1087.

United States Court of Appeals,
First Circuit.

Submitted June 5, 1981.

Decided Dec. 18, 1981.

Rehearing Denied Jan. 18, 1982.

Robert H. Tobin and Tobin & Tobin, Roslindale, Mass., on brief for appellants.

John J. McCarthy, Stanley V. Ragalevsky, and Warner & Stackpole, Boston, Mass., on brief for appellee, Cooperative Central Bank.

Francis X. Bellotti, Atty. Gen., and Stephen S. Ostrach, Asst. Atty. Gen., Boston, Mass., on motion for summary disposition for appellees, Carol S. Greenwald et al.

Before COFFIN, Chief Judge, ALDRICH and BREYER, Circuit Judges.

COFFIN, Chief Judge.

This is another in a series of cases, in both state and federal courts, arising out of the Cooperative Central Bank's takeover of the Roslindale Cooperative Bank ("Roslindale"). The plaintiffs in this action are two former officers of Roslindale: Thomas Limerick (Executive Vice President and Treasurer) and Marie Grassia (Assistant Treasurer). The defendants are the Cooperative Central Bank of Massachusetts, a former Commissioner of Banks, the present Commissioner of Banks, the present Deputy Assistant Commissioner of Banks, and a present Administrative Assistant to the Commissioner of Banks. We have set forth the history of the controversy in *Roslindale Cooperative Bank v. Greenwald*, 638 F.2d 258 (1st Cir.), *cert. denied*, —— U.S. ——, 102 S.Ct. 128, 70 L.Ed.2d 108 (1981).

The complaint below presented four counts. The first suggests that the defendants improperly certified Roslindale before taking it over, thereby depriving the plaintiffs of their jobs without due process. The second count asserts that the defendants failed to comply with Massachusetts open-meeting laws and freedom of information provisions, and thereby "contributed to the length of the plaintiffs' constitutional deprivations." The third count alleges that the Central Bank violated Massachusetts law by failing to enact proper regulations concerning the operation of Roslindale, a failure which "further contributed to the length of the plaintiffs' constitutional deprivations." The fourth count alleges that the plaintiffs were not given a "name-clearing administrative hearing" after the defendants made false statements that publicly stigmatized them, in violation of the Massachusetts Information Practices Act, Mass.Gen.Laws c. 66A, and "settled constitutional law decisions". The district court dismissed the complaint for failure to state a federal claim and this appeal followed.

■ The district court correctly ruled that the first count failed to state a claim.

The facts alleged are no different from those described in *Roslindale Cooperative Bank, supra.* In that case we held that the provisions of the Massachusetts Declaratory Judgment Act satisfy the due process requirements associated with whatever property deprivation a bank and its directors may arguably suffer when its assets and business are transferred to the Cooperative Central Bank pursuant to Mass.Gen.Laws c. 170 App. § 2–4. Those procedures would equally well protect any property interests of the bank officers.

The second and third counts are based on state law violations that are only vaguely alleged to raise federal constitutional issues. The unadorned allegation that a state law has been violated does not establish a claim under the federal Constitution. *Snowden v. Hughes*, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). The district court was not required to guess what particular federal right could have been implicated by failure to comply with these particular state procedures. *Beaumont v. Morgan*, 427 F.2d 667 (1st Cir. 1970). Thus, the dismissal of these counts was also proper.

With regard to the fourth count, however, we cannot say "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson*, 335 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The complaint alleges that the defendants

> "gave out information . . . to the public media . . . as well as making additional false statements such as, 'No one in the Bank could be trusted'; various 'mismanagement' claims and outright falsehoods pertaining to the management and condition of said bank that reflected upon the management. . . . [These statements] were a stigma of ridicule, embarrassment and dishonor to the plaintiffs. They were made in violation of the plaintiffs constitutional 'liberty rights'. . . . This stigma actually denied to the plaintiffs the opportunity to continue their careers in banking. . . ."

It is possible that, pursuant to these allegations, plaintiffs could adduce facts showing that the defendants' actions threatened their reputations with unusually serious harm, while stripping them of their responsibilities as bank managers and threatening their future employability. Such a showing would demonstrate deprivation of a constitutionally protected liberty interest. *See Owen v. City of Independence*, 445 U.S. 622, 633 n.13, 100 S.Ct. 1398, 1406, n.13, 63 L.Ed.2d 673 (1980); *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972); *Beitzell v. Jeffrey*, 643 F.2d 870, 878 (1st Cir. 1981); *Rodriguez de Quinonez v. Perez*, 596 F.2d 486, 488–89 (1st Cir.), *cert. denied*, 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979). *Cf. Paul v. Davis*, 424 U.S. 693, 706, 708, 710, 96 S.Ct. 1155, 1163, 1164, 47 L.Ed.2d 405 (1976).

If such a deprivation were established, due process would require a post-deprivation proceeding at which the plaintiffs could clear their names. Although the state's declaratory judgment procedure is adequate to protect a *property* interest, *Roslindale Cooperative Bank, supra*, it is not adequate to protect a *liberty* interest in reputation. To be meaningful, the name-clearing proceeding must be run by the same actor who diminished the plaintiffs' reputations. *See Owen v. City of Independence, supra*, 445 U.S. at 434, n.13, 100 S.Ct. at 1406 n.13 (hearing owed by the city); *Board of Regents v. Roth, supra*, 408 U.S. at 573, 92 S.Ct. at 2707 (hearing owed by university officials).

The Supreme Court has observed that federal courts perform a very limited task when assessing the sufficiency of a complaint. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Although the plaintiffs' complaint may fairly be characterized as only minimally sufficient, it is adequate to withstand a motion to dismiss.

One appellee (the Bank) argues that, even if the complaint sets forth a federal claim,

the motion to dismiss was properly granted on *res judicata* grounds. It suggests that the plaintiffs here were in privity with the plaintiffs in the prior action and should be bound by the result there. We have held that, where the substantive rights of parties are not endangered, a district court may in its discretion consider *res judicata* issues raised by motion to dismiss, rather than by the more usual form of an answer to a complaint. *Diaz-Buxo v. Trias Monge*, 593 F.2d 153 (1st Cir. 1979). In this case, however, the district court did not rely on *res judicata* analysis. Given the many factual questions raised under the elusive concept of privity, *General Foods Corp. v. Massachusetts Dept. of Public Health*, 648 F.2d 784, 787–90 (1st Cir. 1981); *Griffin v. Burns*, 570 F.2d 1065, 1070–72 (1st Cir. 1978), we believe it would be premature to consider the issue on this appeal, before the parties have developed a factual record.

The case is remanded to the district court for further consideration of the issue raised in the fourth count of plaintiffs' complaint. Of course, the district court may consider whether it wishes to exercise its discretion to consider any of plaintiffs' state claims under its pendent jurisdiction, if it finds that those claims satisfy the tests of *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) and *Mine Workers v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966). And it should consider the validity of the appellees' *res judicata* arguments.

We observe, finally, that our analysis was considerably encumbered by the same gallimaufry of conclusory argumentation that characterized appellants' presentation in *Roslindale Cooperative Bank, supra.* Accordingly, the parties shall bear their own costs.

*The judgment is vacated and the cause remanded for further proceedings in accordance with this opinion.*