Thomas F. LIMERICK, et al.,
Plaintiffs, Appellants,

v.

Carol S. GREENWALD, et al.,
Defendants, Appellees.

ROSLINDALE COOPERATIVE BANK
OF BOSTON, et al., Plaintiffs,
Appellants,

v.

Carol S. GREENWALD, et al.,
Defendants, Appellees.

Nos. 83–1773, 83–1842.

United States Court of Appeals,
First Circuit.

Submitted March 9, 1984.

Decided Dec. 3, 1984.

Albert G. Tobin and Tobin & Tobin, Roslindale, Mass., on brief, for plaintiffs, appellants.

Richard A. Gross, and Wald, Harkrader & Ross, Washington, D.C., on brief, for defendant, appellee Carol S. Greenwald.

Francis X. Bellotti, Atty. Gen., and Stephen S. Ostrach, Asst. Atty. Gen., Boston, Mass., on brief, for state defendants.

John J. McCarthy, Stanley V. Ragalevsky, and Warner & Stackpole, Boston, Mass., on brief, for Central Bank defendants.

Before CAMPBELL, Chief Judge, and COFFIN and BREYER, Circuit Judges.

PER CURIAM.

This is the latest appeal in two actions brought under 42 U.S.C. § 1983 and seeking to invoke pendent jurisdiction over certain state-law claims. Further background information can be found in our prior published opinions in these cases. *See Roslindale Cooperative Bank v. Greenwald,* 638 F.2d 258 (1st.Cir.), *cert. denied,* 454 U.S. 831, 1025 S.Ct. 128, 70 L.Ed.2d 108 (1981) and *Limerick v. Greenwald,* 666 F.2d 733 (1st.Cir.1981).

Despite the outpouring of pleadings from appellants' counsel, the issues actually presented in these appeals are narrow.

■ The *Roslindale* appeal is taken, according to the appellants' docketing statement, from the district court's action in some forty instances. In fact, though, the overwhelming majority of those actions are not before us. They involve either attacks on the judgment in *Roslindale* previously affirmed or efforts to revive *Roslindale* through means other than Rules 50, 52, 59 or 60 F.R.Civ.P.

These means include post-judgment motions to amend the complaint and for summary judgment. The above-cited rules provide the basic forms of post-judgment relief and the district court quite properly denied the other facially-invalid requests.

These various motions had one objective: reopening of the long-closed *Roslindale* case. This was also the objective of various motions captioned under Rule 59 or Rule 60 F.R.Civ.P. whose denial is the subject of the remainder of this appeal.

As to motions under Rule 59 there appear to be two such motions—one filed on March 25, 1980. That motion may have been timely but any appeal from its denial should have been brought within 30 days of the denial—not three years later. *See* Rule 4(a) F.R.A.P.

The second 59(e) motion was not filed until October, 1981, more than a year after the March, 1980 judgment. As such it was untimely since Rule 59(e) motions must be filed within 10 days. Thus denial of the Rule 59(e) motions was also proper.

One motion, also filed in October of 1981, was captioned under Rule 60 F.R.Civ.P. It did not specify what subsection of Rule 60 was relied on. Motions under Rule 60(a) have no time limit but the motion is limited to correction of clerical mistakes in the terms of the judgment. *See Elias v. Ford Motor Co.,* 734 F.2d 463, 466 (1st Cir.1984). Clerical error is not the basis for appellants' claims.

Under Rule 60(b)(1),(2) or (3) the motion must be made within one year. Again the

time limits were not met. Under Rule 60(b)(4), (5) or (6) the motion must be made within a reasonable time and, of course, the grounds stated in the motion must fit within the description provided in one of those subsections. Even if the motion is properly made under Rule 60(b)(4), (5) or (6) and is found to have been filed within a reasonable time, its denial is reviewed only for abuse of discretion. *Browder v. Director,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

The relevant motion is that of October 27, 1981. Its arguments may be fairly characterized as averring that an error of law was made. We have held, in accord with other courts and leading commentators, that if such arguments are cognizable under Rule 60(b) the "reasonable time" for doing so is the time allowed for an appeal (normally 30 days after judgment). *See Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 154 (1st Cir.1980). Here, that appeal period had long since lapsed.

Thus, no matter how we construe appellants' post-judgment motions, they were untimely and the district court would have abused its discretion only by granting them.

Appellants do not argue to the contrary. Indeed their whole effort is directed to arguing the merits of their original case, long since decided. While we need not reach those merits since their efforts to revive them were untimely, we think it appropriate to note that the basic arguments appellants present show a fundamental misunderstanding of this case and of federal law.

Appellants' main argument on the merits can be summarized as follows: *Roslindale* involved a deprivation of property or liberty without due process. This court in its earlier published *Roslindale* decision made a mistake when it held that, since there was an adequate state procedure which appellants could have availed themselves of, there was no federal claim. The mistake, according to appellants, was that this court's prior opinion required an exhaustion of state remedies prior to bringing an action under 42 U.S.C. § 1983, in violation of a venerable line of Supreme Court decisions.

The argument is fundamentally flawed. In affirming the district court we did not conclude that appellants' claim suffered from the procedural defect of failure to exhaust state remedies. Rather, we concluded that their claim of lack of available due process failed *on the merits* because there was a process available under state law. That conclusion is fully consistent with Supreme Court precedents, *see Parratt v. Taylor,* 451 U.S. 527, 538, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981) and *Hudson v. Palmer,* — U.S. —, —, 104 S.Ct. 3194, 3201–3205, 82 L.Ed.2d 393 (1984), and with our own cases. *See Creative Environments, Inc. v. Estabrook,* 680 F.2d 822, 832 n. 9 (1st Cir.) *cert. denied* 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982).

Thus even if the post-judgment motions had been timely and appropriate, they presented no basis for disturbing our prior ruling in this case.

For all of the reasons stated, we affirm the judgment of the district court in 83–1842.

The appeal in *Limerick* is in a somewhat different procedural posture. In our prior published opinion in this case, we affirmed the district court's judgment of dismissal in all respects but one. We remanded Count IV for further consideration because we believed that it contained a "minimally sufficient" stigmatization claim. *Limerick,* 666 F.2d at 735. In so doing we noted that, if appellants could establish their claim of deprivation of a liberty interest through loss of reputation, due process would have entitled them to an opportunity for a name clearing proceeding. *Id.* On remand the district court held that only defendant Greenwald made any statements that might be seen as stigmatizing and that a state procedure was available to meet any due process interests involved. The court granted summary judgment on this basis and, alternatively, dismissed the complaint as to Greenwald in her personal capacity

because appellants had never served Greenwald. This appeal followed.

Early on in this appeal it became apparent that counsel for appellants in *Limerick* was completely ignoring the limited issues presented by the appeal in favor of using his clients' case as an instrument to reargue the *Roslindale* issues. On December 28, 1983 we issued an order advising counsel of the issues available for argument in *Limerick* and warning him that if further attempts were made to use *Limerick* as a vehicle to re-raise closed issues he would be responsible for any costs and fees incurred in answering those arguments. In addition, upon denial of a patently frivolous motion, we assessed attorney's fees of $1,095 against counsel personally.

Despite these forewarnings, much of appellants' brief in this case is simply a rehash of the *Roslindale* due process arguments. These we ignore except as they relate to the applications for costs and fees discussed *infra*.

 For the moment, then, we proceed to the narrow issue in this case: did the district court properly grant summary judgment against appellants on their stigmitization claim? The simple answer is "yes." Indeed the claim has a full complement of fatal defects.

First and foremost among these is the defect relied on by the district court—no lack of due process.

This is not a state law libel case.[1] It is a claim of the loss of a liberty interest through state action without due process brought under 42 U.S.C. § 1983.[2]

The district court found that, if a stigmatizing event had taken place, a name clearing procedure was available and thus the requirements of due process were met. It found that the provisions of Mass.Gen. Laws Ann. Ch. 167, § 5 (now § 12) provided an absolute right to such a hearing for the appellants but that they did not invoke that right.

Appellants do not really dispute the fact that § 5 provided for a hearing. Rather they seem to question the adequacy of that section because of claimed procedural irregularities in its structure.

As to this issue we note two things. First, on July 29, 1984 the Superior Court for the Commonwealth of Massachusetts issued an opinion in *Delosh v. Greenwald*, C.A. No. 33144, a case arising out of the same facts as this one. That court found, *inter alia*, that the fact that the Banking Division had no clerk did not render a hearing under § 5 improper. Appellants make this same argument here and we agree with the Superior Court. We see no reason why such a lack, even if unlawful, prejudiced appellants.

Second, appellants' claim that the Central Bank was required by state law to issue some type of regulations concerning the conduct of hearings is without merit.

Assuming that the bank was required to issue regulations, a matter we do not decide, and assuming that it did not do so, appellants have not shown how this failure precluded a proper hearing. Appellants could have had a hearing and it could have been, indeed we assume it would have been, a fair hearing whether procedures were in effect prior to their request or not.

 The mere fact that state law *may* not have been complied with does not itself state a claim under 42 U.S.C. § 1983. *Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F.2d 1524, 1527–8 (1st Cir.1983).

---

1. Appellants' make some argument that our prior *Limerick* opinion requested the district court to rule on certain pendent state law claims. That is completely incorrect. We simply noted that such consideration was a matter of discretion. 666 F.2d at 736. *See Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

2. Appellants' repeated efforts to amend the complaint here, including the most recent efforts in their brief and in post briefing motions are denied. We do not think that 28 U.S.C. 1653 is meant to allow brand new jurisdictional theories and causes of action on appeal. Even if it were, the proposed amendments are far too late. Litigation is not evolutionary. The time to prepare one's case is before the complaint is filed not as the need unfolds.

Nor under the circumstances of this case would the purported failure automatically render the statutory hearing inadequate.

■ Appellants raise, or seem to raise, a whole host of additional issues—some related to this appeal—most reraising matters long since concluded. Only one of these is worthy of comment. It is argued that on remand the district judge should have recused herself under District of Massachusetts Local Rule 8(i). That rule provides that in a case like this a new judge will preside on remand *unless* "substantial savings in the time of the whole court" would result from the judges staying with the case and the "interest of justice" would not be adversely effected.

Nothing could be clearer than the fact that, because appellants' counsel has so over-complicated, confused and misunderstood these cases, continuity of decision making was required. The exception in the rule applies fully to this case and there was no abuse of discretion in applying it.

For all the reasons given we conclude that the district court was correct in granting summary judgment in this case and we affirm its judgment. In doing so we did not need to consider the alternative arguments adopted by the district court or advanced by appellees, e.g., lack of service, res judicata, or lack of stigmitization. By not discussing these arguments we do not mean to suggest that they lack merit, but merely that it was unnecessary to come to a formal conclusion as to them for purposes of this case.

■ Having affirmed the judgments in these cases our task is not concluded for the appellees have requested sanctions to be applied directly against counsel. These requests derive from both 42 U.S.C. § 1988 and from 28 U.S.C. § 1927. These re-

quests are not surprising since prior orders in these cases had warned counsel for appellants that such sanctions were possible in these cases and since a sanction of $1,095 was imposed against counsel earlier in these appeals to compensate an appellee's lawyer for his efforts in responding to a frivolous motion.

These warnings were issued because, despite admonishing counsel twice in published opinions and several times doing so in unpublished opinions or orders, he has continued to engage in practices in direct violation of applicable rules [3] and to present arguments not relevant in any way to his clients' cases in their present posture.[4] Such arguments were made in *Limerick* even after this court, by order, advised counsel that the sole issue on appeal was the propriety of summary judgment in the stigmatization claim remanded by this court.

Counsel's course of conduct in the filing of hundreds of pages of irrelevant documents, in citing to dozens of cases unrelated to the real issues in these appeals, in bringing repetitive motions without a shred of rational basis, and in seeking to resurrect matters long since finally concluded has been at least irresponsible and has come perilously close to an abuse of process.

■ Lawsuits are expensive and time consuming to courts and litigants alike. When an attorney fails to take an objective look at his case and appeals simply because the rules allow him to appeal, he commits a wrong against the courts and against the parties who must respond to his appeal.[5]

Despite exploding caseloads we have been very reluctant to enter sanctions for frivolous or vexatious appeals because we do not wish to chill the right to appeal. Where, as here, though, the counsel for

---

**3.** Most recently counsel filed lengthy post-submission briefs seeking to argue new cases. It was necessary to issue an order advising counsel of Rule 28(j) F.R.A.P. and directing him to follow its provisions.

**4.** The fact that counsel used much of this *Limerick* brief to argue *Roslindale* claims is particu-

larly reprehensible since he himself is a party in *Roslindale*. *See* Code of Professional Responsibility, Canon 5, EC 5–1.

**5.** *See* Code of Professional Responsibility, Canon 7, DR 7–102.

appellant has not simply filed a frivolous and vexatious appeal but is before this court for the fourth time raising fundamentally the same issues, the need to impose sanctions is obvious. To fail to do so would be to permit counsel to continue a course of conduct which has passed the border of advocacy and entered the realm of harassment.

The *Roslindale* appeal is as clear a case of a frivolous and vexatious appeal as can be imagined and we therefore award the appellees attorney's fees to be paid by appellant's counsel personally. While it could be argued that the *Limerick* appeal is less vexatious than the *Roslindale* appeal, since it is the first appeal after a remand, the manner in which counsel conducted the appeal so unreasonably multiplied the proceedings as to justify the imposition of attorneys' fees against him personally in that case as well. *See* 28 U.S.C. § 1927; *Lewis v. Brown & Root, Inc.,* 711 F.2d 1287 (5th Cir.1983).

The appellants themselves cannot shed all responsibility in this matter. They at least permitted these cases to be continued in their behalf. See *United States v. Nesglo, Inc.,* 744 F.2d 887, (1st Cir., 1984). We, therefore, assess double costs against appellants under F.R.A.P. Rule 38.

Should there be any dispute about the amount of fees, the district court is directed to determine the appropriate figure.

The judgment of the district court is affirmed. Attorneys' fees are assessed against appellant's counsel personally and double costs are assessed against the appellants.