Vincent A. GIANFRIDDO,
Plaintiff, Appellant,

v.

The WESTERN UNION TELEGRAPH COMPANY, Defendant, Appellee.

Vincent A. GIANFRIDDO,
Plaintiff, Appellee,

v.

The WESTERN UNION TELEGRAPH COMPANY, Defendant,
Cross-Appellant.

Nos. 85–1604, 85–1605.

United States Court of Appeals,
First Circuit.

Argued Jan. 8, 1986.
Decided March 21, 1986.

Christy A. Pano, with whom Pano & Maloney was on brief, for Vincent A. Gianfriddo.

Philip J. Moss, with whom Morgan, Brown & Joy, was on brief, for The Western Union Telegraph Co.

Before COFFIN and BOWNES, Circuit Judges, and ROSENN,* Senior Circuit Judge.

PER CURIAM.

Appellant, Vincent A. Gianfriddo, seeks reversal of the district court's grant of summary judgment in favor of appellee, Western Union Telegraph Co., on Count II of his age discrimination complaint, and reversal of that court's order denying his motion for leave to amend the complaint. For the reasons stated in the district court's Memorandum and Order of June 7, 1985, we affirm the judgments on these issues.

 Appellee cross-appeals from the district court's denial of attorney's fees. We share the district court's concern for the way appellant conducted this case, "especially the plaintiff's indifference towards Local Rule 12 and his unexcused failure to heed the final extension order dated February 25, 1985". We think it a close judgment call whether or not the district court should have assessed attorney's fees, but cannot say that the court abused its discretion.

 Once having had full consideration in the district court, however, and the benefit of that court's painstaking 17 page opinion, we can discern no plausible justification for prolonging this litigation. We therefore assess, as a sanction for a frivolous appeal under Fed.R.App.P. 38 and 28 U.S.C. § 1912, double costs and an attorney's fee of $500 against appellant. If appellant's counsel did not advise against the propriety of taking this appeal, *see* Rule 3.1, ABA Model Rules of Professional

Conduct,** then in good conscience he should reimburse appellant. *See Limerick v. Greenwald*, 749 F.2d 97 (1st Cir.1984).

*Affirmed.*

---

* Of the Third Circuit, sitting by designation.

** "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous...."