5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 HOME INDEMNITY COMPANY, Plaintiff-Appellant,
v.
ARAPAHOE DRILLING COMPANY, INC., Defendant-Appellee.
 No. 92-2123.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Home Indemnity Company (Home) appeals from the district court's order imposing sanctions pursuant to Fed.R.Civ.P. 11 and 28 U.S.C.1927. Because the district court did not abuse its discretion, we affirm.
 
 
 4
 Home provided workers' compensation insurance to Arapahoe Drilling Company, Inc. (Arapahoe) from February1, 1981, to February1, 1986. Thereafter, it filed suit against Arapahoe in the United States District Court for the District of New Mexico, claiming that it was due $90,254 in unpaid premiums. Arapahoe counterclaimed, alleging that it had been overcharged $153,748 based on a misclassification of job codes under the policy. Arapahoe also claimed that Home impermissibly discriminated among its insureds.
 
 
 5
 On September 26, 1989, Home and Arapahoe filed a stipulation with the New Mexico Department of Insurance, agreeing to submit to the jurisdiction of the department of insurance "the issues set forth in the ... Amended Complaint ..., Amended Answer ... and Counterclaim, and Reply to Counterclaim filed in the cause entitled Home Indemnity Company v. Arapahoe Drilling Company, Inc." Appellee's Supp.App. at 18. The federal court action was stayed pending resolution of the administrative proceeding.
 
 
 6
 In a series of stipulations, the parties agreed that if Home incorrectly classified Arapahoe's "tool pushers," the insurer would owe Arapahoe $143,991 for overcharges. If, however, Arapahoe's tool pushers were properly classified, Arapahoe would owe Home $90,254 for the unpaid premiums. Id. at 20-22. The attorneys for each side acknowledged that such amounts were undisputed in their opening statements before the administrative officer. See id. at 25-26.
 
 
 7
 After a hearing, the superintendent of insurance issued an order finding that Home had improperly classified the tool pushers, resulting in an overpayment of $143,991 in workers' compensation premiums. The order also found no evidence of improper discrimination. Home appealed this decision to the New Mexico State Corporation Commission, claiming that it should have been awarded the overdue premium of $90,254. The commission affirmed the judgment of the superintendent of insurance. This ruling was appealed to the New Mexico state district court, but was dismissed as untimely. Home then appealed to the New Mexico Court of Appeals.
 
 
 8
 While the case was pending on appeal, Home filed a motion for summary judgment in the federal district court, claiming that its entitlement to the $90,254 in unpaid premiums had not been at issue before the department of insurance and remained unresolved. In its reply brief, Home also argued that even if the issue of the unpaid premiums had been before the department of insurance, the department had no jurisdiction to decide a contract dispute.
 
 
 9
 The district court denied Home's motion for summary judgment and dismissed the case with prejudice. In doing so, the court made the following remarks:
 
 
 10
 I absolutely cannot comprehend Mr. Biehler's statements that this was not litigated in front of the Insurance Commission. He asks specifically for a finding that they owed him $90,000, and he argues jurisdiction. He submitted himself to that jurisdiction. Everything that's asked in this lawsuit has been decided by the State. It's up on appeal in the State. It's a State matter now. There's nothing left to litigate in this Court.
 
 
 11
 .... He litigated that. He lost. He now comes back here and asks me to relitigate it. I'm not going to relitigate it. The matter is moot.
 
 
 12
 ....
 
 
 13
 Dismissing a case does not deny Rule 11 sanctions. The Court retains jurisdiction for that part. I also call to defendant's counsel 28 USC 1927 as a possible avenue. This matter has been totally litigated. There's nothing left for me to do except dismiss it, which I will do.
 
 
 14
 Appellant's App., Ex. A to doc. 95.
 
 
 15
 Arapahoe thereafter submitted a motion for sanctions, requesting those amounts incurred in responding to Home's motion for summary judgment in the amount of $3,808.06. After a hearing, the court reiterated its belief that "there was no merit whatsoever to the [summary judgment] motion" and awarded $3,808.06 in sanctions under Fed.R.Civ.P. 11 and 28 U.S.C.1927. This appeal followed.
 
 
 16
 Home argues that the district court erred in imposing sanctions because (1) it failed to make specific findings and conclusions, and (2) sanctions were unwarranted. We review the district court's decision to impose sanctions under an abuse of discretion standard. O'Connor v. R.F. Lafferty & Co., 965 F.2d 893, 903 (10th Cir.1992)(28 U.S.C.1927 and Rule 11); Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir.1992)(Rule 11).
 
 
 17
 When a court imposes sanctions under 28 U.S.C.1927 or Fed.R.Civ.P. 11, "it must sufficiently express the basis for the sanctions imposed to identify the excess costs reasonably incurred by the party to whom they will be due." Braley v. Campbell, 832 F.2d 1504, 1513 (10th Cir.1987). Specific findings allow the court to identify the costs arising from the objectionable conduct, afford the sanctioned party notice and an opportunity to respond, and permit an appellate court to review the district court's decision. Id.
 
 
 18
 "A district court's failure to make express findings does not require a remand if 'a complete understanding of the issues may be had [from the record] without the aid of separate findings.' " Optyl Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1051 (9th Cir.1985)(quoting Swanson v. Levy, 509 F.2d 859, 861 (9th Cir.1975)). So long as the district court's findings and conclusions are sufficiently specific to allow us to "follow the path" taken by the district court, the imposition of sanctions may be upheld. Flip Side Prods., Inc. v. Jam Prods., Ltd., 843 F.2d 1024, 1037 (7th Cir.) (quoting Brown v. Federation of State Medical Bds., 830 F.2d 1429, 1438 (7th Cir.1987)), cert. denied, 488 U.S. 909 (1988).
 
 
 19
 Here, although the district court did not recite the specific language of the statutes, it clearly found that Home's act of filing the summary judgment motion "unreasonably and vexatiously" multiplied litigation and was not "well grounded in fact and ... warranted by existing law." 28 U.S.C.1927; Fed.R.Civ.P. 11. In its summary judgment ruling, the court found Home's statement that the unpaid premium issue was not before the insurance commission not to be well grounded in fact. In that same ruling, and later, after the hearing on sanctions, the court found Home's legal arguments in support of its motion to be meritless. Finally, the court found that because the premium issue had been completely litigated before the state tribunal, Home's attempt to relitigate the issue in federal court was unjustified. In other words, Home's motion unreasonably and vexatiously multiplied the proceedings. Because we are able to "follow the path" taken by the district court, its findings and conclusions are sufficiently specific.
 
 
 20
 We also reject Home's contention that the district court abused its discretion in imposing sanctions. Home's stipulations and pleadings clearly demonstrate that the issue of the allegedly overdue premiums was before the state administrative tribunal, the corporation commission, the New Mexico district court and the court of appeals. To later claim that this issue was not before these bodies was a blatant misrepresentation of fact.
 
 
 21
 Home's jurisdictional argument, raised for the first time in its reply brief in support of its motion for summary judgment, is similarly without merit.[2] As stipulated by the parties, a determination whether the tool pushers were properly classified automatically resolved the overdue premium issue as well. Because the insurance commission clearly had jurisdiction to determine whether the tool pushers were properly classified, Home's argument has no basis in law.
 
 
 22
 Moreover, the insurance commission appears to be authorized to engage in contract interpretation to ensure that proper premiums are charged and collected. The commission is given broad authority to conduct examinations into all insurance matters to determine whether there have been insurance code violations. See N.M. Stat. Ann. 59A-2-8(E) (Michie 1992). The code, in turn, prohibits an insurer from collecting premiums in excess of the applicable classifications and legal rates, and provides that any contract provision that does not comply with the code must be "interpreted and applied [as if it were] in full compliance with the Insurance Code." N.M. Stat. Ann. 59A-18-21(B) (Michie 1992); see also 59A-16-24(B) and 59A-17-8. For this reason, as well, Home's jurisdictional argument has no legal basis.
 
 
 23
 Finally, sanctions under 28 U.S.C.1927 are appropriate when an attorney seeks to resurrect matters already concluded. See, e.g., Limerick v. Greenwald, 749 F.2d 97, 101-02 (1st Cir.1984)(attorney sanctioned for bringing repetitive motions which sought to relitigate matters already adjudicated); Knorr Brake Corp. v. Harbil, Inc., 738 F.2d 223, 228 (7th Cir.1984)(counsel may be sanctioned for repeating arguments previously rejected). Because Home's motion for summary judgment was unwarranted in fact and law, and duplicative of matters previously decided, the district court did not abuse its discretion in imposing sanctions.
 
 
 24
 Arapahoe's motion for sanctions under Fed. R.App. P. 38 and 28 U.S.C.1927 is DENIED, and the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Because Home's argument was first raised in its reply brief, and did not go to the jurisdiction of the district court, the court was under no obligation to address the argument on its merits. See, e.g., Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n.6 (10th Cir.1992); Comeau v. Rupp, 762 F.Supp. 1434, 1451 (D.Kan.1991)