**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FORD AUDIO VIDEO SYSTEMS,
INC.,

        Plaintiff,

v.

AMX CORPORATION, INC.,

        Defendant-Appellee,

BLOCKBUSTER MUSIC RETAIL,
INC., aka Blockbuster Videos, Inc.;
aka Blockbuster SC Music
Corporation; aka Blockbuster Family
Fun, Inc.

        Defendant.

A. SCOTT JOHNSON,

        Attorney-Appellant.

No. 97-6169
(W. District of Oklahoma)
(D.C. No. CIV-95-486-A)

FORD AUDIO VIDEO SYSTEMS, INC.,

       Plaintiff,

v.

AMX CORPORATION, INC.,

       Defendant-Appellee,

BLOCKBUSTER MUSIC RETAIL, INC., aka Blockbuster Videos, Inc.; aka Blockbuster SC Music Corporation; aka Blockbuster Family Fun, Inc.

       Defendant.

No. 97-6171
(W. District of Oklahoma)
(D.C. No. CIV-95-486-A)

MICHAEL W. HINKLE,

       Attorney-Appellant.

# ORDER AND JUDGMENT[*]

Before **BRISCOE, McWILLIAMS,** and **MURPHY,** Circuit Judges.

Michael W. Hinkle and A. Scott Johnson (collectively "Counsel"), appeal

both the district court's imposition of sanctions pursuant to 28 U.S.C. § 1927 and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the amount of those sanctions. At issue in this case is whether Counsel acted unreasonably and vexatiously by filing three motions on behalf of Ford Audio-Video Systems, Inc. ("Ford"). The motions attempted to revive a contract claim the district court had determined was barred. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court reverses the district court's imposition of sanctions for Counsel's filing of Plaintiff's Rule 59 Motion to Amend Judgment and Plaintiff's Motion for Order Approving Inclusion of Breach of Contract Claim in Pre-Trial Order but affirms the district court's sanctions for Counsel's filing of Plaintiff's Motion to Amend Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15. We therefore remand for recalculation of the monetary sanction imposed.

## BACKGROUND

In August 1994, Ford sued AMX Corporation ("AMX") in state court claiming, among other things, that AMX tortiously breached an oral contract with Ford. In February 1995, Ford filed its First Amended Petition in state court, again asserting a claim against AMX for breach of oral contract. The case was removed to federal court. In federal court, the parties continued to litigate Ford's breach of contract claim. The claim was discussed in a May 1995 status report, a district court order denying AMX's request that the court compel arbitration, Ford's September 1995 amended complaint, an October 1995 status report, and a

-3-

November 1995 order partially granting AMX's motion for partial summary judgment.

In February 1996, Ford sought leave to and did file a Second Amended Complaint. The Second Amended Complaint did not include a claim for tortious breach of oral contract. The day after Ford filed its Second Amended Complaint, AMX filed a second motion for summary judgment. In both its summary judgment motion and its brief in support of that motion, AMX noted that Ford's contract claim was absent from the Second Amended Complaint. AMX asserted that the contract claim had therefore been dismissed by Ford and was no longer before the court. AMX, however, acknowledged that the alleged oral contract remained essential to Ford's remaining claims and AMX thus addressed the alleged oral contract, arguing that Ford could not prove the existence of an enforceable contract.

In March 1996, Ford filed its brief in opposition to AMX's summary judgment motion. In a footnote of its brief, Ford asserted the contract issue had not been removed but rather remained "at the core of" the dispute. Ford's brief further addressed AMX's argument that no enforceable oral contract existed.

On May 13, 1996, the district court ruled on AMX's summary judgment motion. In its order ("May 13, 1996 Order"), the district court ruled that because the contract claim was omitted from the Second Amended Complaint, Ford was

barred from pursuing the claim. The court reasoned that "plaintiff's ability to proceed is premised on a well-pleaded complaint" and therefore Ford's failure to include the claim in its Second Amended Complaint was fatal.

Following entry of the May 13, 1996 Order, Ford did not seek to amend its pleadings to include the contract claim but instead filed Plaintiff's Rule 59 Motion to Amend Judgment ("Rule 59 Motion"), asking the district court to delete the language in its order which barred Ford from pursuing the breach of contract claim. In the Rule 59 Motion, filed May 23, 1996, Ford argued that because the contract claim had been continually litigated by parties, both before and after the filing of the Second Amended Complaint, AMX had notice that Ford intended to proceed with the claim. Ford further asserted that barring the claim simply because it was not included in the Second Amended Complaint would be an "unjust hyper-technicality" and noted that AMX's answer to the Second Amended Complaint included affirmative defenses to the contract claim.

On June 5, 1996, prior to the district court's ruling on the Rule 59 Motion, Ford filed Plaintiff's Motion for Order Approving Inclusion of Breach of Contract Claim in Pre-Trial Order ("Motion to Include"), requesting the court's permission to include the contract claim in the pre-trial order. In its brief supporting the Motion to Include, Ford again argued that because the contract claim had been vigorously litigated, AMX had notice of the claim. Ford asserted that it would be

"manifestly unjust" to exclude the contract claim from the pre-trial order based on a formality. Ford included the breach of contract claim in the proposed pre-trial order it subsequently submitted to the district court.

On June 18, 1996, the district court issued an order denying Ford's Rule 59 Motion. In its order, the district court reiterated that Ford was responsible for the content of its pleadings. The court further rejected Ford's argument that because the contract claim had been vigorously litigated, both before and after the filing of the Second Amended Complaint, AMX had notice of the claim. The court concluded that by omitting the contract claim from the Second Amended Complaint, Ford "effectively renounced the notice given by its prior pleadings." That same day, the district court also denied Ford's Motion to Include and entered the Final Pretrial Order, which included a handwritten notation stating: "no breach of contract claim is presented for trial in that plaintiff elected to drop it in an amended complaint, thereby effectively giving notice to the other parties and the court that they need not be further concerned about it."

On June 26, 1996, Ford filed Plaintiff's Motion to Amend Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15 ("Rule 15 Motion"). In the Rule 15 Motion and supporting brief, Ford requested leave to amend its pleadings to specifically set forth the breach of contract claim by adding the words "and breach of contract." Ford again argued that because the parties had

vigorously litigated the contract claim, both before and after the filing of the Second Amended Complaint, justice favored allowing the contract claim to be tried. On June 27, 1996, the district court denied Ford's Rule 15 Motion by way of a file-stamp and on June 28, 1996, AMX filed a response to Ford's Rule 15 Motion.

Also, on June 28, 1996, the district court issued, *sua sponte*, an order requiring Ford's attorneys Hinkle and Johnson to show cause why they should not be sanctioned pursuant to 28 U.S.C. § 1927 for multiplying the proceedings unreasonably and vexatiously by filing the Rule 59 Motion, the Motion to Include, and the Rule 15 Motion, all attempting to revive the contract claim ("Show Cause Order"). In the Show Cause Order, the court stated: "Plaintiff's counsel apparently believes that submitting a fifth motion on the same issue will wear down the Court's resolve, resulting in the trial of the breach of contract claim. Counsel, however, underestimates the Court's tenacity and its opinion with regard to motions that are, in essence, motions to reconsider."[1]

Hinkle and Johnson both responded to the Show Cause Order, arguing that they were earnestly trying to protect Ford's interests. At the court's order, AMX filed a response to the briefs filed by Counsel and made a request for attorneys'

---

[1]While the district court refers to five motions, in reality there were only three motions. *See infra* note 5.

fees in the amount of $6810.50. AMX argued that Counsel's decision to delete the contract claim from the Second Amended Complaint was intentional and AMX therefore should not have been put to the expense of responding to Ford's motions seeking to reverse that decision.

The court determined that Counsel acted unreasonably and vexatiously in filing the Rule 59 Motion, the Motion to Include, and the Rule 15 Motion and issued an order requiring Hinkle and Johnson to reimburse AMX for the requested $6810.50 in attorneys' fees. In its order, the court noted that despite AMX's assertion that the contract claim had been deleted from the Second Amended Complaint in February 1996, Counsel "did not seize the opportunity to address this simple, straightfoward, and entirely correct proposition."

## DISCUSSION

Title 28 of the United States Code § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions are appropriately imposed under § 1927 "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc). Due both to the penal nature of § 1927 and the need to ensure that the statute does not

dampen attorneys' zealous representation of their clients' interests, however, an award should be made under § 1927 "only in instances evidencing a serious and standard disregard for the orderly process of justice." *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985) (internal quotations omitted); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998); *Braley*, 832 F.2d at 1512. This court reviews the district court's imposition of sanctions pursuant to § 1927 for an abuse of discretion. *See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 265 (10th Cir. 1995).

At issue in this case is whether Counsel unreasonably and vexatiously multiplied the proceedings by filing three motions attempting to revive the contract claim which was not pleaded in the Second Amended Complaint: the Rule 59 Motion, the Motion to Include, and the Rule 15 Motion. Counsel argue the motions were necessitated by the district court's May 13, 1996 Order barring the contract claim.

In sanctioning Counsel for filing the three motions, the district court relied on its finding that Counsel had the opportunity to address the omission of the breach of contract claim from the Second Amended Complaint in their response to AMX's summary judgment motion, yet chose to gloss over AMX's assertion that the claim had been dismissed. In Ford's brief opposing summary judgment, Counsel did not explain the contract claim's absence from the Second Amended

Complaint or otherwise argue the claim's absence did not preclude its inclusion at trial. Further, Counsel did not immediately move to amend the Second Amended Complaint to plead a breach of contract claim. Instead, Counsel merely asserted in a footnote of the brief responding to AMX's summary judgment motion that the contract claim had not been dismissed but rather remained "at the core of" the dispute. Counsel apparently believed their footnote was adequate to provide notice that Ford was still pursuing the breach of contract claim. While Counsel erred in not adequately addressing in their response to AMX's motion for summary judgment the assertion that their breach of contract claim had been dismissed, this failure alone cannot justify the sanctions imposed by the district court.

The district court's May 13, 1996 Order provided Counsel with fair notice that the failure to plead the breach of contract claim was fatal. In that order, the district court specifically noted that the "ability to proceed is premised on a well-pleaded complaint" and that Ford's contract claim was barred because it was not included in the Second Amended Complaint. In response to the district court's order, Counsel filed the Rule 59 Motion and the Motion to Include.

Counsel filed the Rule 59 Motion and the Motion to Include separately and the district court likewise viewed the two motions independently. The motions, however, are more appropriately viewed together. Counsel filed the Rule 59

Motion ten days after the court issued its May 13, 1996 Order. The Rule 59 Motion asked the court to amend it order by deleting the language barring Ford's contract claim. The motion clearly challenged the district court's determination that the contract claim was barred. In light of the district court's conclusion that the contract claim was barred due to Ford's failure to plead the claim, however, the motion alone was an inadequate tool to resurrect the contract claim. The Rule 59 Motion was not a substitute for a properly pleaded claim for relief and could not have cured the underlying problem. To cure the problem, the Rule 59 Motion should ideally have been accompanied by a Rule 15 motion to amend the pleadings.[2] *Cf. Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (noting after court dismissed complaint with prejudice, only way to amend complaint was Rule 59 motion to alter judgment combined with Rule 15 motion).

Before the district court ruled on the Rule 59 Motion, however, Counsel filed the Motion to Include. This motion requested that Ford be allowed to include the contract claim in the pre-trial order. Consistent with the relief requested by the Motion to Include, Counsel also submitted a proposed pre-trial order which included the contract claim. The Motion to Include, in conjunction

---

[2]Although Counsel did not accompany the Rule 59 Motion with a Rule 15 motion, Counsel did indicate in the Rule 59 Motion that if the court found a defect in the Second Amended Complaint, Ford would move to amend the pleadings.

with the Rule 59 Motion, was apparently intended to provide a procedural vehicle for remedying the pleading failure noted by the district court in its May 13, 1996 Order. Because a pre-trial order controls the subsequent course of an action, the Motion to Include served here as an alternative to seeking amendment of the complaint itself through a Rule 15 motion. *See* Fed. R. Civ. P. 16(e); *see also Expertise, Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987) (holding statute of limitations defense, although not pleaded, was not waived because it was included in pre-trial order and stating "[w]hen an issue is set forth in a pretrial order, it is not necessary to amend previously filed pleadings" because "the pretrial order is the controlling document for the trial"). Because both motions were necessary to provide a mechanism for relief from the May 13, 1996 Order and because the district court took no formal action between the time Counsel filed the Rule 59 Motion and the time Counsel filed the Motion to Include, the two motions are properly considered together. It was not until June 18, 1996, some three weeks after the filing of the Rule 59 Motion and two weeks after the filing of the Motion to Include, that the district court denied both motions.

In sanctioning Counsel, the district court suggested that in light of its May 13, 1996 Order, Counsel should not have submitted the Motion to Include and proposed pre-trial order which included the contract claim. Instead, the court

indicated Counsel should have either adhered to the May 13, 1996 Order and sought to amend the pre-trial order only if it became necessary due to the court's ruling on the outstanding Rule 59 Motion or sought an extension of time to file the pre-trial order conditioned on the court's ruling. As explained above, however, the Rule 59 Motion alone was inadequate to remedy the underlying problem of the failure to plead the contract claim. The Motion to Include was thus necessary to provide a mechanism for relief.

Counsel's conduct in filing the Rule 59 Motion and the Motion to Include did not unreasonably and vexatiously multiply the proceedings but rather represented legitimate advocacy of Ford's interest, necessitated by the May 13, 1996 Order. Motions for reconsideration, while frequently irritating and ineffective, are not *per se* sanctionable.[3] Such motions at times provide important safeguards for litigants' rights. In this case, Counsel's Rule 59 Motion and Motion to Include presented non-frivolous arguments which had not been previously presented to the district court. Indeed, we note that AMX similarly asked the court to reconsider at least two of its previous rulings.[4]

---

[3]While the Federal Rules of Civil Procedure do not provide for motions for reconsideration, this court regularly construes such motions, when filed within ten days of the district court's entry of judgment, as Rule 59 Motions. *See Hatfield v. Board of County Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995).

[4]Specifically, after the district court denied AMX's motion to compel arbitration of the contract claim, AMX filed a motion for reconsideration of the order denying arbitration, which the court denied. Similarly, despite the district

While Counsel's arguments would have been better presented at an earlier stage, this court cannot say Counsel's conduct in filing the Rule 59 Motion and Motion to Include was so unreasonable as to rise to the level of sanctionable conduct. This court therefore holds the district court abused its discretion in sanctioning Counsel for filing the Rule 59 Motion and the Motion to Include.

On June 18, 1996, the district court denied both the Rule 59 Motion and the Motion to Include. In denying the Rule 59 Motion, the district court rejected Counsel's argument that due to the continued litigation of the contract claim, AMX had fair notice the claim was being pursued and justice required that Ford be allowed to try the breach of contract claim. The district court concluded that although AMX had notice of the breach of contract claim prior to filing of the Second Amended Complaint and continued to raise defenses to the breach of contract claim, the omission of the claim from the Second Amended Complaint "effectively renounced the notice given by [Ford's] prior pleadings."

Despite the district court's ruling that Ford's amended complaint renounced notice and that the contract claim was thus barred, on June 26, 1996, Ford's

_____

court's previous rejection of AMX's contention that the Statute of Frauds prohibits enforcement of the alleged oral contract, in AMX's second summary judgment motion it again asserted that the oral contract was unenforceable due to the Statute of Frauds and again the argument was rejected by the court.

-14-

Counsel filed the Rule 15 Motion, the third motion[5] for which the district court imposed sanctions. The Rule 15 Motion sought leave to amend the Second Amended Complaint by adding the words "and breach of contract." In their brief supporting the Rule 15 Motion, Counsel made virtually the same arguments previously submitted, and thereafter rejected, in the Rule 59 Motion and Motion to Include. The Rule 15 Motion was thus an attempt to reassert arguments that had previously been rejected by the district court.[6]

---

[5]In the Show Cause Order, the district court stated that "Plaintiff's counsel apparently believes that submitting a fifth motion on the same issue will wear down the Court's resolve, resulting in the trial of the breach of contract claim." The district court warned Counsel not to address the court's dismissal of the contract claim for a "sixth time" in responding to the Show Cause Order. We cannot tell the basis for the district court's conclusion that there were five motions. If the district court included Ford's *response* to AMX's summary judgment motion *and* the proposed pre-trial order it submitted as separate motions, the district court could have arrived at the conclusion that there were five motions. In reality, however, there are but three motions: the Rule 59 Motion, the Motion to Include, and the Rule 15 Motion. We cannot tell whether the district court's references to five motions are exaggeration or mere factual error. The district court's erroneous characterization of Counsel's actions supports our determination that the district court abused its discretion.

We also note the district court did not invoke its discretionary power to sanction when ruling on the first two motions on June 18, 1996. It was not until June 28, 1996, the date it denied the third motion, that the district court first raised the specter of sanctions in its Show Cause Order. This verifies our ruling that the first two motions do not provide a basis for sanctions and that separate focus must be directed to the Rule 15 Motion, the third motion.

[6]Because the arguments presented by the Rule 15 Motion were placed before the court in the Rule 59 Motion and the Motion to Include, this court rejects Counsel's argument that the Rule 15 Motion was necessary to preserve the breach of contract claim for appeal. Further, while Counsel contend that a Rule 59 motion coupled with a Rule 15 motion is the proper procedure to seek

-15-

Sanctions are appropriately imposed under § 1927 on counsel who repeatedly attempt to litigate matters that have been decided or who continue to pursue claims that are no longer reasonable. *See Dreiling*, 768 F.2d at 1165-66 (upholding sanctions against attorney who continued to assert claims "long after it would have been reasonable and responsible to have dismissed the claims"); *Limerick v. Greenwald*, 749 F.2d 97, 101-02 (1st Cir. 1984) (per curiam) (sanctioning counsel who, among other things, brought repetitive motions and sought to relitigate matters already concluded).

By filing the Rule 15 Motion, Counsel was in essence asking the district court to consider arguments that had already been fully presented to the court and had been squarely rejected by the court in its previous rulings. By the time Counsel filed the Rule 15 Motion, the court had twice rejected Ford's argument that it should be allowed to litigate the contract claim, once in its May 13, 1996 Order and again on June 18, 1996 when it denied both the Rule 59 Motion and the Motion to Include. The Rule 15 Motion thus went beyond a simple motion to reconsider. This court cannot say the district court abused its discretion in

---

amendment of a ruling excluding a claim based on a pleading error, Counsel did not file the Rule 15 Motion until after the Rule 59 Motion and the Motion to Include had been denied. The Rule 15 Motion therefore was not part of Counsel's initial request for relief from the court's order barring the contract claim but rather was an attempt to reassert arguments previously presented in both the Rule 59 Motion and the Motion to Include.

-16-

imposing sanctions pursuant to § 1927 based on Counsel's conduct in filing the Rule 15 Motion. The district court could have reasonably found that Counsel's filing of the Rule 15 Motion was conduct which, viewed objectively, manifested reckless disregard of Counsel's duties to the court. This court therefore affirms the district court's imposition of sanctions on Counsel for unreasonably and vexatiously multiplying the proceedings by filing the Rule 15 Motion.

For the first time in oral argument, Counsel argue that even if some sanction was appropriate, the sanction should not have been imposed against Johnson but instead should have been imposed only against Hinkle. The Rule 15 Motion, the only motion which appropriately served as a basis for sanctions, was prepared and filed by Hinkle. Johnson, who was Ford's attorney of record at the time the motion was filed, did not sign the Rule 15 Motion but his name appears in typewritten form on the motion. In Counsel's joint brief on appeal, Johnson "acknowledges that he consulted with Mr. Hinkle about the motions and briefs." The district court therefore did not abuse its discretion in sanctioning both Hinkle and Johnson for unreasonably and vexatiously multiplying the proceedings by filing the Rule 15 Motion. *Cf. White v. American Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990) (noting sanctions under § 1927 are not limited only to actual signer of document).

Having affirmed the district court's imposition of sanctions based on Counsel's filing of the Rule 15 Motion, but having reversed the district court's imposition of sanctions based on the Rule 59 Motion and the Motion to Include, this court remands to the district court for recalculation of the monetary sanction imposed. No attorneys' fees should be awarded to AMX for legal expenses incurred in responding to the Rule 59 Motion and the Motion to Include.

## CONCLUSION

This court **REVERSES** the district court's imposition of sanctions based on the Rule 59 Motion and the Motion to Include, but **AFFIRMS** the imposition of sanctions based on the Rule 15 Motion. Accordingly, we **REMAND** to the district court for recalculation of the sanction consistent with this opinion.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge