Linda DONATO, Plaintiff,

v.

**PLAINVIEW–OLD BETHPAGE CEN-TRAL SCHOOL DISTRICT and Edward Metzendorf, Defendants.**

No. CV 93–1378.

United States District Court,
E.D. New York.

Dec. 17, 1997.

Joseph P. Marro, New York City, for Plaintiff.

Guercio & Guercio by Gregory J. Guercio, Farmingdale, NY, for Defendants.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Pursuant to the mandate of the Second Circuit, this Court directs the parties to participate in a name-clearing hearing conforming to the requirements of due process. *See Donato v. Plainview–Old Bethpage Cent. Sch. Dist.,* 96 F.3d 623, 633 (2d Cir.1996). Familiarity with the facts and procedural history of this case are assumed. Presently before the Court is plaintiff's application for an order setting forth procedures for the conduct of the hearing.

### DISCUSSION

The parties agree that both plaintiff and defendants may be represented by counsel, shall have the right to subpoena witnesses, present witnesses and other evidence, and cross-examine each other's witnesses. Three issues remain to be decided: 1) who will conduct the name-clearing hearing, 2) who will bear the burden of proof, and 3) whether a stenographic record of the hearing will be made.

### I. *Who Will Conduct the Name–Clearing Hearing*

■ Correctly contending that due process requires the hearing to be conducted by an impartial hearing officer, plaintiff suggests that the hearing officer be selected from the American Arbitration Association in accordance with its National Rules for the Resolution of Employment Disputes. Defendant suggests that the hearing be conducted by Dr. Anthony Cavanna, the current Superintendent of the defendant school district. Dr. Cavanna did not participate in the decision to terminate plaintiff from her position as Assistant Principal and, in fact, did not assume the position of Superintendent until some three years after plaintiff's termination. Plaintiff opposes the selection of Dr. Cavanna, arguing that an officer should not serve as both the investigator and adjudicator of the charges. Plaintiff further asserts that Dr. Cavanna is biased against her because he is an employee of the school district, serves at the pleasure of the Board of Education under a written contract, has told her that he is "knowledgeable" of her case, did not converse with her when they encountered each other at a memorial service for a former member of the Board, and is biased against the faculty and staff of the school district as evidenced by what plaintiff refers to as a "letter of censure." The letter, apparently authored by "The Faculty of Plainview Middle School," is a laundry list of teachers' complaints about Dr. Cavanna's management style. Plaintiff also asserts that Dr. Cavanna is biased because, in October 1997, the school district declined to appoint her to the position of Social Studies Department Chairperson K–12.

■ As the Supreme Court instructs, an impartial decision maker is a hallmark of a fair hearing comporting with due process. *See Goldberg v. Kelly,* 397 U.S. 254, 271, 90 S.Ct. 1011, 1022, 25 L.Ed.2d 287 (1970) ("an impartial decision maker is essential"). However, the Court has squarely rejected the notion that the decision maker at a name-clearing hearing cannot be both an investigator and adjudicator. *Withrow v. Larkin,* 421 U.S. 35, 58, 95 S.Ct. 1456, 1470, 43 L.Ed.2d 712 (1975) ("the combination of investigative and adjudicative functions does not, without more, constitute a due process violation"). To the contrary, there is a presumption of honesty and integrity on the part of adjudicators that must be overcome by evidence of actual bias. *Id.* at 47, 95 S.Ct. at 1464. Evidence of personal animosity, or pecuniary interest, or evidence that the adjudicator had formed his opinion before the hearing illustrate the nature of the showing necessary to overcome the presumption. *Id.; see Johnson v. City of Wichita,* 687 F.Supp. 1501, 1510 (D.Kan.1988) (although name-clearing hearing requires impartial decision maker,

"substantial showing of personal bias is required to disqualify a hearing officer or to obtain a ruling that a hearing is unfair").

Moreover, appointment of a third-party arbitrator would be inconsistent with the purposes served by a name-clearing hearing. "To be meaningful, the name-clearing proceeding must be run by the same actor who diminished" the plaintiff's reputation. *Limerick v. Greenwald*, 666 F.2d 733, 735 (1st Cir.1981); *see Rosenstein v. City of Dallas*, 876 F.2d 392, 396 (5th Cir.1989) (purpose of name-clearing hearing is to "provide the employee with a public forum to clear his name before the governing body that discharged him"). In contrast to a third-party arbitrator, Dr. Cavanna, as a member of the governing body that terminated plaintiff as a probationary principal yet who took no part in the decision, is an appropriate person to serve as hearing officer.

■ As for plaintiff's charges of bias, she has not met her burden of convincing this Court that Dr. Cavanna is unlikely to act with honesty and integrity. Plaintiff's conclusory assertions that Dr. Cavanna will be biased because he is employed by the school district, serves under contract to the Board of Education, and has knowledge of her case does not suffice. As the Court noted in *Goldberg*, "prior involvement in some aspects of a case will not necessarily bar [an official] from acting as a decision maker," provided he has not participated in making the determination under review. 397 U.S. at 271, 90 S.Ct. at 1022. Plaintiff's assertions regarding the so-called letter of censure and Dr. Cavanna's disinclination to talk to plaintiff at a memorial service do not rise to the level of a showing that Dr. Cavanna lacks honesty or integrity. Finally, with respect to the school board's decision not to hire her as a department chairman, plaintiff submits no evidence tending to show that the hiring decision was impermissibly biased or even that Dr. Cavanna was involved in that decision. The Court concludes that Dr. Cavanna will conduct the name-clearing hearing as hearing officer and serve as decision maker.

■ The Court takes this opportunity to remind the parties that due process requires that "the decision maker's conclusion ... must rest solely on the legal rules and evidence adduced at the hearing." *Goldberg*, 397 U.S. at 271, 90 S.Ct. at 1022. Additionally, "to demonstrate compliance with this elementary requirement, the decision maker should state the reasons for his determination and indicate the evidence he relied on ... though his statement need not amount to a full opinion or even formal findings of fact and conclusions of law." *Id.* However, in remanding this matter, the Second Circuit observed that:

> Should the charges be proven false, the district court should consider the factual and legal merits of Donato's claim for damages, a subject we do not reach or address. If the reasons for termination are shown to be accurate, that ends the matter.

96 F.3d at 633. Because the Second Circuit's opinion contemplates further proceedings in the event that the reasons for termination are shown to be inaccurate, this Court directs the hearing officer to thoroughly document his findings and explicate his reasoning to aid this Court in any further proceedings that may arise.

## II. *Who Will Bear the Burden of Proof*

■ Plaintiff contends that the school district should bear the burden of proving the truth of the charges at the hearings by a preponderance of the evidence, relying on the New York Court of Appeals' decision in *Martin v. Ambach*, 67 N.Y.2d 975, 502 N.Y.S.2d 991, 494 N.E.2d 96 (1986). Plaintiff's reliance is misplaced because *Martin* concerned a disciplinary action against a tenured teacher pursuant to state law, rather than a name-clearing hearing where the appropriate standards are derived from federal constitutional law. Such disciplinary actions potentially affect a tenured teacher's property interest in continued employment, *see, e.g., Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985); *Brady v. A Certain Teacher*, 166 Misc.2d 566, 632 N.Y.S.2d 418, 421 (Suffolk County Sup.Ct.1995), not the liberty interest at issue here. *See Boston v. Webb*, 783 F.2d 1163 (4th Cir.1986) (because name-clearing hearing served to protect plaintiff's liberty interest in refuting charges

made against him, rather than his property interest in retaining employment, burden of refuting the charges was properly placed on plaintiff).

As its nomenclature suggests, the purpose of a name-clearing hearing is to provide the stigmatized employee with an opportunity to "clear his name," *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 573 n. 12, 92 S.Ct. 2701, 2707 n. 12, 33 L.Ed.2d 548 (1972), and "refute the charge" against him. *Codd v. Velger,* 429 U.S. 624, 625 n. 1, 97 S.Ct. 882, 883 n. 1, 51 L.Ed.2d 92 (1977); *see also O'Neill v. City of Auburn,* 23 F.3d 685, 692 (2d Cir.1994) (name-clearing hearing affords employee the "opportunity to publicly contest the accuracy of the allegedly stigmatizing allegations"); *Baden v. Koch,* 799 F.2d 825, 831–32 (2d Cir.1986) (employee's task at hearing is to refute the charges against him). Such language clearly implies that the employee bears the burden of proof to refute the charges and clear his name. The implication is confirmed by the Second Circuit's opinion directing this Court to consider the merits of plaintiff's claims "[s]hould the charges be proven false." 96 F.3d at 633. Because only plaintiff would endeavor to prove the charges false, it may be concluded that the burden of proof rests with her.

III. *Whether a Stenographic Record of the Hearing Will Be Made*

■ Plaintiff contends that a stenographic record is necessary to further judicial review. Defendants contend that a stenographic record is unnecessary because the purposes of the name-clearing hearing (assuming plaintiff is successful in persuading the decision maker of the falsity of the charges) are fulfilled by the written decision of the hearing officer. Although defendants' point is well taken, a record will protect all parties in the event that one or the other raises charges of bias or impropriety during the conduct of the hearing. Accordingly, a stenographic record of the hearing proceedings will be prepared, costs to be shared equally by the parties.

## CONCLUSION

Plaintiff and defendants will mutually agree on a schedule for the name-clearing hearing. The hearing will be conducted in accordance with this opinion, and a copy of the hearing officer's determination will be forwarded to this Court for inclusion in the record.

SO ORDERED.