**BOSTON ENVIRONMENTAL SANITATION INSPECTORS ASSOCIATION and John Curry, Plaintiffs, Appellants,**

v.

**CITY OF BOSTON, et al. Defendants, Appellees.**

No. 85–1837.

United States Court of Appeals, First Circuit.

Submitted March 7, 1986.

Decided June 26, 1986.

Albert G. Tobin, and Tobin & Tobin, Roslindale, Mass., on brief, for appellants.

Nancy Merrick, Asst. Corp. Counsel, City of Boston Law Dept., and Lawrence J. Ball, Boston, Mass., on brief for appellees City of Boston.

Diane M. Drapeau, Boston, Mass., on brief for appellee Massachusetts Labor Relations Comm'n.

Stephen S. Ostrach, Asst. Atty. Gen., Francis X. Bellotti, Atty. Gen., Boston, Mass., on brief for appellee Personnel Adm'r. of Com.

Before CAMPBELL, Chief Judge, and COFFIN and BOWNES, Circuit Judges.

PER CURIAM.

Appellants Boston Environmental Sanitation Inspectors Association and John Curry seek review of the district court's order dismissing appellants' § 1983 and pendent state claims on the pleadings. Appellants (a city employee union and its president) alleged in their complaint that appellees (the employer City of Boston and several city officers, the Massachusetts state personnel administrator, the Massachusetts Labor Relations Commission, and the Commonwealth of Massachusetts itself) abridged appellants' seniority, promotion, and other rights in violation of state statutes and of applicable collective-bargaining agreements governed by state law. Appellants' complaint and briefs are muddled and hard to fathom, but the gist of appellants' grievance apparently is that city and state officials have ignored appellants' members' state-guaranteed rights in favor of political patronage appointments. Because appellees violated state statutes and labor contracts, appellants argue, appellees have deprived appellants of liberty and property rights without due process of law.

The district court (Garrity, J.) dismissed appellants' § 1983 claims on the grounds that appellants did not avail themselves, or satisfactorily explain their failure to avail themselves, of potential state remedies (such as Massachusetts Labor Relations Commission procedures, a state court action, or a state court mandamus petition) or of contractual grievance procedures. Nor did appellants allege any facts to suggest that these remedies might be constitutionally inadequate; the district court stated that, by contrast, these available state procedures were "extensive and manifestly adequate." Having disposed of appellants' federal claims, the district court also elected to dismiss appellants' pendent state claims. We affirm.

■ We agree with the district court that appellants cannot complain of a violation of procedural due process rights when appellants have made no attempt to avail themselves of existing state procedures. It is well-settled that a "claim of lack of available due process fail[s] *on the merits* [where] there [is] a process available under state law." *Limerick v. Greenwald,* 749 F.2d 97, 99 (1st Cir.1984) (emphasis in original). "We cannot be sympathetic to a party who elects to forego the [state] hearing provided him, and then complains he received none.... Since a sufficiently timely hearing was available to them, [appellants] cannot bootstrap themselves into the federal court by failing to seek it." *Roslindale Cooperative Bank v. Greenwald,* 638 F.2d 258, 261 (1st Cir.), *cert. denied,* 454 U.S. 831, 102 S.Ct. 128, 70 L.Ed.2d 108 (1981). Appellants alleged no facts to indicate any potential constitutional defect in any of the available state procedures.

■ Furthermore, appellants' claims that appellees breached state statutory provisions and applicable labor contracts cannot form the basis of a § 1983 action. Mere violation of state statutory requirements does not offend federal constitutional due process. *Chiplin Enterprises, Inc. v. City of Lebanon,* 712 F.2d 1524, 1527 (1st Cir.1983); *Limerick, supra,* 749 F.2d at 100–101. Similarly, an alleged breach of contract does not amount to a deprivation of property without due process actionable under § 1983. *Cloutier v. Town of Epping,* 714 F.2d 1184, 1191 n. 4 (1st Cir. 1983); *Casey v. Depetrillo,* 697 F.2d 22 (1st Cir.1983); *Jimenez v. Almodovar,* 650 F.2d 363, 370 (1st Cir.1981).

Appellees note that, with a struggle, one might attempt to construe appellants' complaint as basing appellants' § 1983 claim on an alleged First Amendment violation under the doctrine of *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574

(1980), and *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), that dismissals of non-policymaking public employees from office solely on the basis of political affiliation violates the First Amendment. However, on a fair reading, appellants' complaint simply does not contain any such claim, and certainly does not state one with the particularity required to state a § 1983 claim. *See Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir.1979). Also, we have been directed to no cases suggesting that this First Amendment doctrine can extend to the mere alleged *appointment* of public officials to vacant positions on a patronage basis.

In the absence of any surviving federal claim, the district court acted well within its discretion in dismissing appellants' pendent state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

*Affirmed.*