Juan **GONZALEZ MARTINEZ**, Mrs. Ana Gonzalez, and children Angel L. Ortiz, Brenda Gonzalez, and Julio Gonzalez, represented by their parents, Plaintiffs,

v.

**AUTORIDAD DE ENERGIA ELECTRICA DE PUERTO RICO**, John Doe and Richard Roe, Defendants.

Civ. No. 85–1197 (JAF).

United States District Court, D. Puerto Rico.

Sept. 30, 1986.

Jesús Hernández Sánchez, San Juan, P.R., for plaintiffs.

Pedro Santiago Torres, San Juan, P.R., for defendants.

## MEMORANDUM OPINION AND ORDER

FUSTÉ, District Judge.

This case presents the question of whether an utility company is liable under 42 U.S.C. sec. 1983 for violation of civil rights under color of state law as a result of having suspended electricity to a subscriber of the service. We hold that 42 U.S.C. sec. 1983 does not extend to such a case. The suspension of service obeyed to dispute regarding payment or lack thereof of prior services to the subscriber.

The Puerto Rico Electric Power Authority (PREPA) is a public corporation created by virtue of law No. 83, of May 2, 1941, as amended, 22 L.P.R.A. secs. 191–239. It is the sole provider of electricity services within this jurisdiction. A dispute arose over the payment of an electricity bill in the amount of $270.67. The services were provided to a property located in Saturnino Rodríguez St. # 13, Yabucoa, Puerto Rico. The service contract had been issued to Juanita Martínez. At a given point in time plaintiff Juan González-Martínez lived at said address. González-Martínez moved to a new residential address and obtained a separate electricity service contract. PREPA invoiced the disputed amount to González-Martínez at his new address for electricity he allegedly consumed while living at Saturnino Rodríguez St. # 13. González-Martínez disclaimed being liable. PREPA admits that the official subscriber was Juanita Martínez, but claims that the service was actually given to González-Martínez. He refused to pay. PREPA suspended González-Martínez' electricity service from June 6, 1984 through February 1985.

PREPA has moved for dismissal under Fed.R.Civ.P. 12. It is alleged that subject matter jurisdiction is lacking under 42 U.S.C. sec. 1983/28 U.S.C. sec. 1343. In the alternative, we are asked to defer to local courts under principles of comity and federal abstention. On the other hand, plaintiffs allege that PREPA acted under color of state law when the utility company arbitrarily terminated plaintiffs' "property interest" in the utility service. We accept the moving party's allegations as true. We interpret them in the light most favorable to plaintiffs. We note that a complaint should not be dismissed under the circumstances presented herein unless it appears beyond doubt that plaintiff is not entitled to relief. *Celotex Corp. v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Scheuee v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1977); *Hayes v. New England Millwork Dts.*, 602 F.2d 15 (1st Cir.1979).

### Pleading a 42 U.S.C. Sec. 1983 Cause of Action

It is hornbook law that under a section 1983 claim, plaintiff bears the burden of "set[ting] forth minimal facts, not subjec-

tive characterizations as to whom and what, to whom and why" a violation of civil rights under color of law occurred. *Dewey v. University New Hampshire*, 694 F.2d 1 (1st Cir.), *cert. denied*, 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1301 (1982). To present an actionable cause of action, a federally-secured right must be violated under color of state law. *Mitchum v. Foster*, 407 U.S. 225, 239, 92 S.Ct. 2151, 2160, 32 L.Ed.2d 705 (1972). When the allegedly breached federal constitutional or civil right is properly safeguarded by state procedures that satisfy federal due process minima, the action is not cognizable under section 1983.[1] *See Parrat v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

Plaintiffs cannot complain of a violation of procedural due process rights when they have "made no attempt to avail themselves of existing state procedures." *See Boston Environmental Sanitation Inspectors Assoc. v. City of Boston*, 794 F.2d 12 (1st Cir.1986).

### Conclusion

We conclude that PREPA does provide an administrative procedure which does not violate due process notions of fair play and basic justice. Subscribers have the right to contest a billing dispute with the utility company. No act tantamount to a constitutional/civil rights violation is present here. The complaint shall be DISMISSED. This controversy should be litigated administratively or, in the alternative, before the local courts. PREPA has capacity to sue and be sued. 22 L.P.R.A. sec. 193 (1966).

IT IS SO ORDERED.

1. PREPA has adopted regulations which cover the procedure to follow when a customer fails to honor payment demands. This is typified in Resolution No. 1422, of February 19, 1977. Said resolution states that:

 Should the bill not be paid within the time stated above, the Authority shall give written notice to the customer informing the non-payment of his account due, and the Authority's intention to discontinue service. The customer may request in writing an investigation in relation to the billing stating the reasons upon

which his claim is based within the next ten (10) days after the receipt of the bill. Should the customer request on time an investigation of his bill, the service shall not be discontinued, nor bond or deposit will be requested while investigation is carried on.... If the customer does not pay the balance due as determined by the investigation within the period above mentioned nor has requested the administrative hearing, the Authority then may discontinue service.