53 F.3d 327
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Kenneth E. BLEVENS, Sr., et al., Plaintiffs, Appellants,
v.
TOWN OF BOW, New Hampshire, et al., Defendants, Appellees.
 No. 94-2177.
 United States Court of Appeals,
First Circuit.
 April 25, 1995.
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Shane Devine, Senior U.S. District Judge]
 John E. Laboe and Laboe Associates on brief for appellants.
 Gary B. Richardson and Upton, Sanders & Smith on brief for appellees.
 Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.
 D.N.H.
 AFFIRMED.
 PER CURIAM.
 
 
 1
 Appellants Kenneth Blevens, Sr., Christopher Blevens, and Kenneth Blevens, Jr. appeal the grant of appellees' motion for summary judgment on appellants' federal claims and the dismissal of appellants' state claims without prejudice. Appellants seek relief, pursuant to 42 U.S.C. Sec. 1983 and state law, for alleged violations of their rights arising out actions by appellees Town of Bow, members of its planning board, and its town planner. We affirm essentially for the reasons given in the district court order dated October 12, 1994. We add only the following.
 
 
 2
 Even if we assume arguendo that appellees violated the Blevens' property rights by, in effect, consolidating historically separate lots in October 1991, thereby establishing a violation of their rights to procedural due process, the Blevenses must also show that they lacked adequate post-deprivation remedies for the alleged deprivation of their property rights. See Licari v. Ferruzzi, 22 F.3d 344, 347 (1st Cir. 1994) (no violation of right to procedural due process where adequate post-deprivation remedies are available). In the instant case, the Blevenses failed even to seek, pursuant to state law, relief from the town planning board, the board of adjustment, or the superior court. See N.H. Rev. Stat. Ann. Sec. 676:4; Sec. 676:5; Sec. 677:15. "[A]ppellants cannot complain of a violation of procedural due process rights when appellants have made no attempt to avail themselves of existing state procedures." Boston Environmental Sanitation Inspectors Asso. v. Boston, 794 F.2d 12, 13 (1st Cir. 1986).
 
 
 3
 The judgment of the district court is summarily affirmed. See 1st Cir. Loc. R. 27.1.