Pablo VAZQUEZ MARTINEZ, et al. Plaintiffs

v.

**NEW YORK CITY SUPPORT COLLECTION ENFORCEMENT UNIT, et al. Defendants**

No. CIV. 01–2631(HL).

United States District Court, D. Puerto Rico.

March 31, 2003.

---

Francisco Padilla–Rodriguez, San Juan, PR, for Pablo Vazquez–Martinez, Milagros Gutierrez–Baez, Conjugal Partnership Vazquez–Gutierrez, plaintiffs.

Charles P. Gilmore, O'Neill Fernandez Gilmore & Perez Ochoa, P.S.C., San Juan, PR, for State of New York, The State of New York, New York City Support Collection Enforcement Unit, The City of New York, defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a Rule 12(b) motion to dismiss by Defendants the New York City Support Collection Enforcement Unit ("Collection Unit"), the City of New York and the State of New York.[1] Plaintiffs Pablo Vazquez Martinez ("Vazquez Martinez") and his wife allege that Defendants have violated their Due Process rights under the United States Constitution by garnishing Vazquez Martinez' wages in order to pay off child support arrears. Plaintiff Vazquez Martinez argues that Defendants have made a mistake and that he is not the father of the child that is currently owed support. Accordingly, he is seeking injunctive relief and monetary damages as permitted under 48 U.S.C. § 1983.

Defendants seek dismissal of all claims based on five arguments: 1) the Court lacks personal jurisdiction over the Defendants because of improper service of process; 2) Plaintiffs' claim is time-barred; and 3) Plaintiffs have failed to exhaust all of their state law remedies. The Court will solely address the latter of these issues.

### Standard of Review

In ruling on a 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the Plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n,* 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the Plaintiff will be unable to prove any set of facts which would entitle him or her to recovery.

---

**1.** More specifically Defendants have moved to dismiss this case under Rule 12(b)2, 12(b)5, and 12(b)6 of the Federal Rules of Civil Procedure.

**6**

Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir.1991). This deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

### Discussion

 In order to successfully bring a due process claim, "plaintiff[s] must show there was no adequate state post-deprivation remedy available to rectify the harm." *Torres v. Superintendent of the Police of Puerto Rico*, 893 F.2d 404, 410 (1st Cir. 1990). In other words, if state law provides an adequate remedy then Plaintiffs do not have a § 1983 cause of action. *See also Limerick v. Greenwald*, 749 F.2d 97, 99 (1st Cir.1984) ("a claim of lack of available due process fail[s] on the merits [where] there [is] a process available under state law.")

It is well established in New York that "[u]pon an adverse determination by the Collection Unit, a party may seek review in a CPLR article 78 proceeding." *Matter of Monroe County Dep't of Social Serv. v. Walker*, 178 A.D.2d 1012, 578 N.Y.S.2d 767 (4th Dep't 1991). Article 78 of the New York Civil Practice Law and Rules "provides the mechanism for challenging a specific decision of a state administrative agency." *Campo v. N.Y.City Employees Retirement System*, 843 F.2d 96, 101 (2d Cir.1988) (*quoting Liotta v. Rent Guidelines Board*, 547 F.Supp. 800, 802 (S.D.N.Y.1982)). Moreover, the Second Circuit has consistently held that an "Article 78 proceeding is adequate for due process purposes." *Hellenic American Neighborhood Action Committee v. City of N.Y.*, 101 F.3d 877, 881 (2d Cir.1996). *See also Gudema v. Nassau County*, 163 F.3d

717, 724 and *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 202 (2d Cir.1996) ("petitioner in Article 78 proceeding. . . .is permitted to submit. . . .affidavits and other written proof. . . .and where a triable issue of fact is raised, the petitioner may obtain a trial").

Plaintiffs have made no attempt to avail themselves of these post-deprivation proceedings. Moreover, Plaintiffs allege no facts to indicate any potential constitutional defects in these Article 78 state procedures. *Boston Environmental Sanitation Inspectors Ass. v. City of Boston*, 794 F.2d 12, 13 (1st Cir.1986). Rather, Plaintiffs assert that they were never made aware of these procedures and that such proceedings are not adequate for individuals living outside the state of New York. The Court is thoroughly unpersuaded by these arguments. Plaintiffs have not cited a single case for the proposition that a post-deprivation state law remedy is inadequate for individuals living outside the state. Moreover, it is not the responsibility of the Defendants to provide Plaintiffs with a road map of the various procedures and remedies they may or may not follow when challenging an administrative decision. Since, Plaintiffs have an adequate post-deprivation remedy available under state law, the Court must dismiss all claims against the Defendants.

WHEREAS, the Court hereby grants Defendants motion to dismiss.

**IT IS SO ORDERED.**