F I L E D
**United States Court of Appeals
Tenth Circuit**

**AUG 13 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARTHUR JOHNEL ALLOWAY,

Plaintiff-Appellee,

v.

DR. TOMMY HODGE; DR.
JEFFREY TROUT; DR. JOANN
RYAN; JUDY WAKEN,

Defendants-Appellants.

No. 02-7104
(D.C. No. 01-CV-104-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** ,
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendants in this case appeal from the district court's order denying their motion to terminate an injunction entered under the Prison Litigation Reform Act (PLRA). The injunction requires defendants to continue to administer plaintiff Arthur Alloway's prescribed medical treatment until final resolution of Alloway's action filed pursuant to 42 U.S.C. § 1983. Our jurisdiction arises under 28 U.S.C. § 1292(a)(1), and we affirm.

## I.

Alloway, an Oklahoma state prisoner, filed his § 1983 complaint seeking relief for the alleged denial of prescribed medical treatment for his diagnosed liver disease. The facts leading up to the district court's issuance of injunctive relief are well known to the parties and recounted in detail in the court's September 21, 2001 order. In that order, the district court denied Alloway's request for examinations by two particular private physicians, as well as his request for a resumption of Actigall, a medication used to dissolve certain types of gallstones. Nevertheless, the court granted Alloway's request for resumption of his prescribed treatment of Oxycontin (a narcotic), milk thistle, and vitamin C, finding that Alloway had shown a substantial likelihood of success on his claim that defendants acted deliberately indifferent by discontinuing that treatment. The court stated:

[W]ith respect to the requested treatments in the forms of Oxycontin, Milk Thistle, and Vitamin C, the court finds plaintiff has met his burden for the issuance of a preliminary injunction. The evidence demonstrates that, in violation of *Estelle* [*v. Gamble,* 429 U.S. 97 (1976)], he was not allowed to continue with his prescribed treatment after transferring to his current facility, so there is a substantial likelihood of success on the merits of this claim. There is no dispute that plaintiff suffers from serious liver disease; the only question concerns the proper treatment. Plaintiff has been examined by Dr. Marlene Bynum and Dr. Barseloux at Griffin Memorial Hospital, and both recommended Oxycontin, Milk Thistle, and Vitamin C. Dr. Yarborough, the pain specialist, as would be expected, only made recommendations for plaintiff's pain management. Dr. Trout[] and Dr. Ryan apparently disagree with the private physicians, but they have failed to articulate the medical rationale for their denial of these treatments which were allowed at a previous DOC facility.

Aplt. App. at 130. The district court then made specific findings concerning the remaining requirements for a preliminary injunction, stating that plaintiff will suffer irreparable harm if he is not allowed to continue the prescribed treatments and that the injunction will not cause damage to defendants or be adverse to the public interest. The court concluded "[t]his temporary injunction is effective immediately and shall remain in force until further order of the court." *Id.* at 131.

Defendants did not appeal the court's September 21, 2001 order. Instead, on October 19, 2001, defendants filed their motion to terminate the injunction pursuant to the PLRA. In that motion, defendants argued that the district court failed to make the additional findings mandated by the PLRA and codified at 18 U.S.C. § 3626, that the injunction is narrowly drawn, extends no further than necessary, and is the least intrusive means necessary to correct the violation of the

federal right. 18 U.S.C. § 3626(a)(1). Defendants also argued that, because the record presented only a difference of opinion between Alloway's doctors, "there has been no finding that any of Plaintiff's Federal rights were violated." Aplt. App. at 132.

At a hearing on May 23, 2002, defendants added that the district court's failure to make the required findings under § 3626(a)(1), and its failure to make the order "final" pursuant to § 3626(a)(2), resulted in the automatic termination of the injunction after ninety days. Defendants argued that the statement in the court's order that the injunction "shall remain in force until further order of the court" contradicted § 3626(a)(2)'s automatic expiration provision, but that, even if the court were to make the required findings after-the-fact, defendants would present evidence demonstrating that those findings could not be made. There was some confusion over the scope of the hearing, as Alloway's counsel objected to the presentation of medical evidence going to the issue of deliberate indifference, an issue which had been previously briefed and litigated. The magistrate judge ruled that defendants could present their evidence but limited it to issues arising after the preliminary injunction was granted on September 21, 2001. The magistrate judge stated:

> [T]he appropriate issue is whether or not the defendant or the plaintiff's condition has changed since the last hearing. I think I will allow you to call your witness to testify with regard to whether or not the–the administration of these drugs poses a danger to him at the

-4-

present point because of a change in his condition. I'm not going to allow a revisiting about whether or not this was the right medical treatment to be ordered in the injunction of September of 2001.

Aplt. App. at 146-47. The magistrate judge further ruled that defendants could present evidence showing the risk or harm to the prison system by providing Alloway's treatment.

In her findings and recommendation dated May 30, 2002, the magistrate judge recommended denying defendants' motion to terminate the injunction. As to defendants' claim that there had been no finding that any of Alloway's federal rights were violated, the magistrate judge reviewed the relevant evidence, including defendants' evidence going to any adverse impact of Alloway's treatment on the operation of the prison, and stated:

> [T]he court's order granting the injunction expressly made a finding that the defendants were deliberately indifferent to plaintiff's serious medical needs. The issue is not simply a difference of opinion; instead, it concerns whether plaintiff's established treatment could be summarily halted without medical justification. Throughout this litigation, the defendants have failed to offer a medical rationale for discontinuing plaintiff's treatments, but there has been ample evidence that the recommended treatments were appropriate and helpful.

*Id.* at 225 (citation omitted).

As to defendants' claim that the order granting the preliminary injunction did not make the PLRA's required findings, the magistrate judge stated that "while the statute was not quoted in the order, the substance of the order included

-5-

the requisite findings." *Id.* Accordingly, the magistrate judge concluded that "the injunction did not automatically terminate after 90 days." *Id.* at 226. The magistrate judge also made findings pursuant to 18 U.S.C. § 3626(b)(3), which provides that ongoing prospective relief shall not terminate if the court makes written findings that the relief remains necessary to correct an ongoing violation of a federal right, extends no further than necessary, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

After reviewing defendants' objections, the district court adopted the magistrate judge's recommendation to deny defendants' motion. In its order, the court also made findings pursuant to the PLRA "that its September 21, 2001, issuance of the preliminary injunction requiring the treatment of Plaintiff with Oxycontin, Vitamin C, and Milk Thistle extends no further than is necessary to correct the violation of Plaintiff's constitutional right to adequate medical care, it is narrowly drawn, and it is the least intrusive means to correct the violation." Aplt. App. at 245-46 (citing § 3626(a)(1)). The court also concluded that it complied with § 3626(a)(2)'s mandate to make the order "final" during the ninety-day period, stating "that while no subsequent order has contained language making the September 21, 2001, preliminary injunction 'final' before the expiration of the 90-day period, the September 21, 2001, order itself contains

functionally equivalent language mandating that the preliminary injunction 'shall remain in force until further order of the court.'"  *Id.* at 246.

On appeal, defendants argue that the district court did not comply with the PLRA, and that the preliminary injunction expired on or about December 20, 2001, placing the burden on Alloway to continue to prove that injunctive relief was still necessary. According to defendants, the district court's later findings were impermissible retroactive attempts to comply with the statute. Defendants also argue that, for several reasons, the district court erred when it refused to terminate the preliminary injunction. "The scope of appellate review of a district court's discretionary grant of a preliminary injunction is narrow. Unless the district court abuses its discretion, commits an error of law, or is clearly erroneous in its preliminary factual findings, the appellate court may not set aside the injunction." *Hartford House, Ltd. v. Hallmark Cards, Inc.,* 846 F.2d 1268, 1270 (10th Cir. 1988).

## II.

Clearly, the PLRA requires that district courts issuing prospective relief in cases involving prison conditions make certain findings in order for that relief to conform to the law. Section 3626(a)(1) states:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall

not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal rights, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1). Section § 3626(a)(2), which specifically addresses preliminary injunctive relief, essentially repeats the mandate, stating that

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system . . . .

18 U.S.C. § 3626(a)(2). That section, however, adds the following language: "Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period." *Id.* Section 3626(b)(2) provides that defendants are entitled to immediate termination of prospective relief granted without the required findings, subject to the following limitation in subsection (3):

> Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

-8-

18 U.S.C. § 3626(b)(3). Section 3626(e)(1) requires courts to rule promptly on motions to terminate prospective relief, a requirement bolstered by § 3626(e)(2), which provides for an automatic stay of prospective relief after limited periods of time if the court has not ruled on the motion. The stay is mandatory, and the district court may not use its equitable power to enjoin it. *Miller v. French,* 530 U.S. 327, 340 (2000).

Defendants' argument that the preliminary injunction automatically expired after ninety days requires this court to review the sufficiency of the district court's findings under the PLRA. In doing so, we note that the fundamental purpose of the PLRA sections relevant to this case is to ensure that prospective relief, in fact, is narrowly drawn, extends no further than necessary, and is the least intrusive means necessary to correct the harm, not merely to ensure that the district court uses these particular words to justify an otherwise untenable injunction. Nevertheless, the statute is clear that, unless a district court "makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period," a preliminary injunction automatically expires. 18 U.S.C. § 3626(a)(2). The specific reference to the required findings in this section, along with § 3626(b)(2)'s mandate of immediate termination of prospective relief granted in the absence of those findings, emphasizes the need for a district court to

sufficiently articulate the additional findings with some specificity so that there is no doubt that the court considered the relevant factors in granting a preliminary injunction. While later review of the substance of the order may reveal that the prospective relief, in fact, is narrowly drawn, extends no further than necessary to correct the violation, and is the least intrusive means necessary to correct that violation, the relevant statutory passages reveal that it was Congress's intent that a district court make these findings explicit to demonstrate that the court considered the appropriate factors in a timely manner.

The district court in the present case discussed the traditional factors used for evaluating motions for preliminary injunction and made specific findings regarding those factors, but it made no specific findings concerning the additional requirements found in § 3626 of the PLRA. Because it lacks an explicit reference to the statutory findings, or any other language which could reasonably be said to address those findings, the order leaves us to doubt whether the district court considered any of the PLRA's additional factors when crafting the preliminary injunction. Accordingly, because the order granting the preliminary injunction did not contain the particular findings required by § 3626, that injunction expired automatically after ninety days.

**III.**

This court is thus left with the question of what significance, if any, the hearing and the additional findings made by the magistrate judge and district court had on this proceeding. The implication of defendants' argument on appeal is that we should ignore these later events, forcing Alloway to file a new motion for preliminary injunction. We refuse to do so, however, as we conclude that Alloway effectively renewed his motion by arguing the merits of continuing the prospective relief at the hearing on defendants' motion to terminate the injunction. Because defendants did not appeal the preliminary injunction, the magistrate judge limited defendants' evidence at the hearing to changes in the parties' conditions after September 21, 2001. Even if the magistrate judge erred in restricting the scope of evidence to be admitted, defendants have failed to demonstrate any prejudice from the restriction. The magistrate judge otherwise gave defendants latitude in presenting evidence, and after reviewing all the evidence, the magistrate judge concluded that preliminary prospective relief for Alloway should continue. Subsequently, the magistrate judge and the district court judge each made findings that were sufficiently articulated to demonstrate that the court considered the relevant factors under the PLRA. Thus, although the original preliminary injunction had technically expired on or about December 20, 2001, the district court effectively entered a new injunction, fully compliant with

the PLRA, on July 18, 2002. "Nothing in the [PLRA] limits the number of times a court may enter preliminary relief." *Mayweathers v. Newland,* 258 F.3d 930, 936 (9th Cir. 2001). The magistrate judge's conclusion that "the substance of the [September 21, 2001] order included the requisite findings," Aplt. App. at 225, was in error. Nevertheless, because we conclude that defendants have not sufficiently demonstrated prejudice, and in light of the court's hearing and subsequent findings, that error is harmless.

## IV.

Defendants also argue that the injunction itself demonstrates an abuse of discretion. Defendants point to some additional items of evidence that "make it imperative that the Preliminary Injunction be terminated, both for the safety of the Plaintiff and the entire corrections system." Aplt. Br. at 14. This new evidence was presented to the magistrate judge, who nonetheless recommended that the injunction continue. "Under the abuse of discretion standard[,] a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir. 1994) (quotation omitted). Moreover, "[a] district court abuses its discretion when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgement." *Coletti v. Cudd Pressure Control,* 165 F.3d

-12-

767, 777 (10th Cir. 1999) (quotation omitted). After carefully reviewing the record in this case, we see nothing to suggest that the district court acted unreasonably in discounting defendants' newly discovered evidence in this case. The injunction does not prevent the prison from taking appropriate measures to prevent Alloway from abusing the medications, so long as they are not withheld.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge