FILED
United States Court of Appeals
Tenth Circuit

November 12, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

WILEY TOLER,

      Plaintiff - Appellee,

v.

JEFFREY TROUTT, D.O.,

      Defendant - Appellant,

and

KATRYNA FRECH, in her official and
individual capacity,

      Defendant.

No. 15-6079
(D.C. No. 5:13-CV-01025-F)
(W.D. Okla.)

_____

ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

     Wiley Toler filed a civil rights suit under 42 U.S.C. § 1983 against personnel

at the James Crabtree Correctional Center ("Crabtree") alleging that his medical

treatment for back pain violated his constitutional rights.  The district court denied

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

summary judgment to defendants Dr. Jeffrey Troutt, Crabtree's chief medical officer, and Katryna Frech, R.N. They filed this interlocutory appeal based on qualified immunity. "[W]e have jurisdiction to review (1) whether the facts that the district court ruled a reasonable jury could find would suffice to show a legal violation, or (2) whether that law was clearly established at the time of the alleged violation." *Cox v. Glanz*, 800 F.3d 1231, 1242 (10th Cir. 2015) (internal quotation marks omitted). Reviewing the latter, we reverse.

## I

Plaintiff Wiley Toler is incarcerated at the James Crabtree Correctional Center (Crabtree) in Oklahoma. He has been under the medical care of Dr. Troutt for chronic lower back pain since April 2013, when he was transferred to Crabtree from the privately operated Lawton Correctional Facility (Lawton). Medical records show that, at the time of his transfer, Mr. Toler had a prescription through July 2013 for Neurontin at 800 mg. Upon transfer, Dr. Troutt terminated Mr. Toler's prescription for Neurontin and prescribed Naprosyn to treat his symptoms. In May 2013, Mr. Toler was noncompliant with Dr. Troutt's instructions regarding his medication and he apprised Dr. Troutt that only Neurontin worked for his back pain; Dr. Troutt discontinued Naprosyn and began a trial of an SSRI.

In June 2013, Mr. Toler underwent an MRI that revealed degenerative disc disease and neuroforaminal narrowing at multiple levels. Dr. Troutt requested a neurological consult for recommendations with regard to these findings. In November 2013, two neurosurgeons consulted and diagnosed Mr. Toler with lumbar

radiculopathy. They recommended Mr. Toler take Neurontin three times daily and increased as necessary for pain. A month later, Dr. Troutt re-prescribed Naprosyn and Elavil for Mr. Toler's back pain. At Dr. Troutt's request, the neurosurgeons examined Mr. Toler again in April 2014; they again recommended Neurontin for nerve pain and again Dr. Troutt prescribed a different drug. Mr. Toler was eventually prescribed Neurontin in September 2014 by Dr. Bruce Meyer when Dr. Troutt was on leave.

Mr. Toler brought suit under § 1983 for violations of his Eighth Amendment rights. He alleged that the appellants were deliberately indifferent to his serious medical needs in refusing to prescribe Neurontin even though it was previously prescribed at Lawton and was recommended by the neurosurgeons. The magistrate judge recommended denying the appellants' summary judgment motion, devoting the bulk of his analysis to concluding that Dr. Troutt was deliberately indifferent. Specifically, the magistrate judge found that Mr. Toler's back pain was an objectively serious medical condition and that a question of fact existed as to whether a prison doctor's disregard of treatment prescribed by private doctors can subjectively constitute a purposeful disregard of substantial risk. Aplt. App., Vol. 6 at 543, 545–46 (citing *Alloway v. Hodge*, 72 F. App'x 812 (10th Cir. 2003)). The magistrate judge determined the law was clearly established in one sentence — "There is little doubt that deliberate indifference to an inmate's serious medical need is a clearly established constitutional right." Aplt. App., Vol. 6 at 547 (alterations omitted). The district judge adopted these findings.

3

**II**

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "Qualified immunity is an affirmative defense to a section 1983 action, providing immunity from suit from the outset." *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (internal quotation marks omitted). We review the denial of qualified immunity de novo, viewing the record in the light most favorable to the non-moving party. *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008).

To survive summary judgment after a defendant has claimed qualified immunity, the plaintiff must demonstrate both: "(1) that the defendant's actions violated a constitutional or statutory right and (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1150 (10th Cir. 2006) (internal quotation marks omitted). The Supreme Court has held that the federal district and appellate courts have discretion to determine which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case. *Pearson*, 555 U.S. at 236.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials violate the ban on cruel and unusual punishment if their "deliberate indifference to serious medical needs of

4

prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). But "inadvertent failure to provide adequate medical care" is not enough, nor does "a complaint that a physician has been negligent in diagnosing or treating a medical condition . . . state a valid claim of medical mistreatment under the Eighth Amendment." *Id*. at 105–06. The Supreme Court has established a two-pronged inquiry, including both subjective and objective components. Under the objective inquiry, the alleged deprivation must be "sufficiently serious" to constitute a deprivation of constitutional dimension and, under the subjective inquiry, the prison official must have a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). A prison official cannot be liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

### III

We disagree with the district court's framing of what had to be clearly established. In stating that deliberate indifference to an inmate's medical needs is a clearly established constitutional violation, Aplt. App., Vol. 6 at 547, the district court's parameters were overly broad. If such a general statement of the constitutional violation that must be clearly established were sufficient, qualified immunity would almost never be granted. In this case, the proper inquiry is whether

5

it was clearly established that Dr. Troutt's conduct — prescribing a medication in treating Mr. Toler's medical condition that was different than the medication recommended by consulting physicians — was deliberately indifferent to Mr. Toler's medical needs. Not only was this not clearly established, but the law was clearly established to the contrary.

A difference of opinion with medical staff about treatment is not actionable under the Eighth Amendment, nor is a disagreement among medical experts. *See Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993); *Supre v. Ricketts*, 792 F.2d 958, 962–63 (10th Cir. 1986). Where a doctor "orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted under our case law." *Self v. Crum*, 439 F.3d 1227, 1232–33 (10th Cir. 2006). Thus, "the subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." *Id.* at 1232; *see also Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) (involving a dispute as to what medications were prescribed and noting that matters of medical judgment do not give rise to a § 1983 claim).

Dr. Troutt ordered treatment "consistent with the symptoms presented and then continued to monitor" Mr. Toler's condition, which was fully compliant with our clearly established precedent. *See Self*, 439 F.3d at 1232. *Alloway*, which the magistrate judge relied on to establish the predicate constitutional violation, offers no support for a clearly-established-law argument. In addition to being a single

6

nonprecedential decision of a panel of our court, it is distinguishable from the situation here because it involved a complete denial of medication, as opposed to the substitution of alternative medicines as in this case, and applied a forgiving abuse of discretion standard to the granting of injunctive relief. 72 F. App'x at 813, 817–18. Even if we were to look to *Alloway* to inform whether the law was clearly established, *see Morris v. Noe*, 672 F.3d 1185, 1197 n.5 (10th Cir. 2012) (suggesting that unpublished decisions need not be ignored entirely), there are other more factually on-point nonprecedential decisions that cut against Mr. Toler's position on that point, *see, e.g.*, *Todd v. Bigelow*, 497 F. App'x 839, 841–42 (10th Cir. 2012) (finding no deliberate indifference when an inmate's Neurontin prescription was changed to Elavil).

The bottom line is that Mr. Toler identifies no decision clearly establishing the proposition that exercising medical judgment in prescribing one course of treatment over another constitutes deliberate indifference to a serious medical need. He cannot identify such precedent because our controlling precedent clearly establishes the law to the contrary. Accordingly, even if it could be said that Dr. Troutt was negligent in disregarding the advice of experts he sought out (which we do not decide), the record and the case law do not support the argument that he was deliberately indifferent to Mr. Toler's medical needs in his treatment decisions. *See Self*, 439 F.3d at 1233 ("In the end, the negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." (internal

7

quotation marks omitted)).  We therefore reverse and remand with instructions to enter summary judgment in favor of Dr. Troutt and Nurse Frech.

Entered for the Court


Jerome A. Holmes
Circuit Judge