NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1329

_____

THERESA VICTORY; AMARA SANDERS; SAMANTHA HUNTINGTON

v.

BERKS COUNTY; KEVIN S. BARNHARDT, BERKS COUNTY COMMISSIONERS;
CHRISTIAN Y. LEINBACH; MARK C. SCOTT, ESQ.; WARDEN JANINE L. QUIGLEY;
DEPUTY WARDEN STEPHANIE SMITH; CAPTAIN  CASTRO; LIEUTENANT WEBER;
LIEUTENANT SPOTTS; CORRECTIONAL OFFICER  DROSDAK, (C.O.); C.O.
REICHART; C.O. ZERR; C.O. BROWN; C.O. BAUER; JOANNA BROWN; JOHN DOE
CORRECTIONAL SERGEANT


BERKS COUNTY; KEVIN S. BARNHARDT, BERKS COUNTY COMMISSIONERS;
CHRISTIAN Y. LEINBACH; MARK C. SCOTT, ESQ.; WARDEN JANINE L. QUIGLEY;
DEPUTY WARDEN STEPHANIE SMITH; CAPTAIN  CASTRO; LIEUTENANT WEBER;
LIEUTENANT SPOTTS; CORRECTIONAL OFFICER  DROSDAK, (C.O.); C.O.
REICHART; C.O. ZERR; C.O. BROWN; C.O. BAUER; JOANNA BROWN,
                                                                      Appellants


_____

No. 19-2193

_____

THERESA VICTORY; AMARA SANDERS; SAMANTHA HUNTINGTON;
ALICE VELAZQUEZ-DIAZ; ANABELL DEALBA, and all others similarly situated,
v.

THE COUNTY OF BERKS; KEVIN S. BARNHARDT, BERKS COUNTY
COMMISSIONERS; CHRISTIAN Y LEINBACH; MARK C. SCOTT, ESQ.;
WARDEN JANINE L. QUIGLEY; DEPUTY WARDEN STEPHANIE SMITH;
SERGEANT SPOTTS; C.O. REICHART; C.O. ZERR; C.O. BROWN,
                                                                      Appellants

No. 19-2648

THERESA VICTORY; ALICE VELAZQUEZ DIAZ; ANABELL DEALBA,
and all others similarly situated,

v.

COUNTY OF BERKS; KEVIN S. BARNHARDT; CHRISTIAN Y. LEINBACH;
MARK C. SCOTT, ESQ.; WARDEN JANINE QUIGLEY; DEPUTY WARDEN STEPHANIE
SMITH; SERGEANT SPOTTS; C.O. REICHART; C.O. ZERR; C.O. BROWN


COUNTY OF BERKS; KEVIN S. BARNHARDT; CHRISTIAN Y. LEINBACH;
MARK C. SCOTT, ESQ.; WARDEN JANINE QUIGLEY; DEPUTY WARDEN STEPHANIE
SMITH,
Appellants


No. 19-2695

THERESA VICTORY; ALICE VELAZQUEZ DIAZ;
ANABELL DEALBA, and all others similarly situated,

v.

COUNTY OF BERKS; COMMISSIONERS KEVIN S. BARNHARDT,
CHRISTIAN Y. LEINBACH, AND MARK C. SCOTT, ESQ.;
WARDEN JANINE L. QUIGLEY; DEPUTY WARDEN STEPHANIE SMITH;
SERGEANT SPOTTS; C.O. REICHART; C.O. ZERR; C.O. BROWN


COUNTY OF BERKS; COMMISSIONERS KEVIN S. BARNHARDT, CHRISTIAN Y.
LEINBACH, and MARK C. SCOTT, ESQ.; WARDEN JANINE QUIGLEY; DEPUTY

2

WARDEN STEPHANIE SMITH,
Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-18-cv-05170)
District Judge: Honorable Mark A. Kearney

_____

Argued September 11, 2019
Before: HARDIMAN, GREENAWAY, Jr., and BIBAS, *Circuit Judges*.

(Opinion Filed: October 11, 2019)

Matthew A. Feldman
Su Ming Yeh [Argued]
Pennsylvania Institutional Law Project
718 Arch Street
Suite 304 South
Philadelphia, PA 19106
        *Attorneys for Plaintiffs-Appellees*


Matthew J. Connell [Argued]
Laurie A. Fiore
Samantha Ryan
MacMain Law Group
433 West Market Street
Suite 200
West Chester, PA 19382
        *Attorneys for Defendants-Appellants*


Margaret H. Zhang
Women's Law Project

125 South 9th Street
Suite 300
Philadelphia, PA 19107

*Attorney for Amicus 21 Organizations Dedicated to Justice and Equity for Incarcerated Women and Girls in Support of Appellants in Nos. 19-2193, 19-2648, and 19-2695*

—————

OPINION[*]

—————

HARDIMAN, *Circuit Judge*.

Two female inmates in the Berks County Jail ("the Jail") sued the County, its Commissioners, Warden Janine Quigley, Deputy Warden Stephanie Smith, and other employees of the Jail. The inmates alleged that the Jail's policy of housing its most trustworthy male and female inmates in different facilities with different services violated the Fourteenth Amendment's Equal Protection Clause.

The District Court entered two preliminary injunctions, one on January 15, 2019, and another on May 20, 2019. The Court ordered the County, through Warden Janine Quigley, to file a plan for complying with the May 20 injunction. After Warden Quigley failed to do so, the Court held her and the County in contempt. Warden Quigley then filed a plan, which the Court ordered the County to implement.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

4

In four separate appeals, the County, County Commissioners, Warden Quigley, and Deputy Warden Smith appealed: (1) the January 15 preliminary injunction;[1] (2) the May 20 preliminary injunction;[2] (3) the contempt order; and (4) the implementation order. For the reasons that follow, we will dismiss the appeals of the January 15 and May 20 preliminary injunctions and the implementation order, reverse the contempt order, and remand for proceedings consistent with this opinion.

I

A. The January 15 preliminary injunction

The Jail houses its most trustworthy male and female inmates—so-called "Trusty" inmates—in different facilities. Trusty men live in the Community Reentry Center ("the CRC"), which is outside the secure perimeter of the Jail. Trusty women who do not have health concerns live in the Jail's F-Block.

Plaintiff Theresa Victory was incarcerated in the F-Block on January 28, 2018, after being sentenced to one to five years' imprisonment for her third and fourth

---

[1] Also appealing the January 15 preliminary injunction are Captain Castro, Lieutenant Weber, Lieutenant Spotts, Correctional Officer Drosdak, C.O. Reichart, C.O. Zerr, C.O. Brown, C.O. Bauer, and Joanna Brown.

[2] Also appealing the May 20 preliminary injunction are Sergeant Spotts, C.O. Reichart, C.O. Zerr, and C.O. Brown.

convictions for driving under the influence. The Jail gave her Trusty status three days later.

On November 30, 2018, Victory sued Berks County, its Commissioners, and various employees of the Jail under 42 U.S.C. § 1983, in the United States District Court for the Eastern District of Pennsylvania, alleging that the Jail's policy of excluding female inmates from the CRC violated the Fourteenth Amendment's Equal Protection Clause. She moved for a preliminary injunction, and the District Court held a full-day hearing on her motion. On January 15, 2019, it granted the motion and entered a preliminary injunction.

In its findings of fact and conclusions of law, the Court said it was "mindful" that, under the Prison Litigation Reform Act (PLRA), "preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); App. [19-1329] 55. But the Court did not make findings as to these needs-narrowness-intrusiveness criteria. *See* 18 U.S.C. § 3626(a)(1)–(a)(2). On January 25, 2019, the Court extended the County's deadline for compliance.

On January 28, 2019, the County moved under Rule 60(b) of the Federal Rules of Civil Procedure for relief from the preliminary injunction on the grounds that Victory had been released from custody. The Court granted this motion, stating, "[w]e dissolve the

January 15, 2019 mandatory injunction . . . as modified on January 25, 2019 . . . upon the Defendants as it relates to Theresa Victory." App. [19-1329] 78. Then, on February 6, the County appealed the preliminary injunction to this Court.

B. The May 20 preliminary injunction

Plaintiff Alice Velazquez-Diaz was incarcerated in the Jail's F-Block on October 24, 2018, after being sentenced to 11.5 to 23 months' imprisonment for possession with intent to deliver a controlled substance. The Jail gave her Trusty status one week later.

On April 22, Velazquez-Diaz joined in Victory's equal protection claim and moved for a preliminary injunction. On May 20, the District Court granted Velazquez-Diaz's motion and required the County, through Warden Quigley, to "file a proposed plan to ensure compliance with the accompanying Memorandum allowing Ms. Velazquez-Diaz" to have certain privileges, including "visitation without glass partition." App. [No. 19-2193] 1–2. On May 23, the County appealed the May 20 preliminary injunction, and the Court later extended the County's deadline to file a plan to June 4.

In the findings of fact and conclusions of law accompanying its May 20 order, the Court again recited the PLRA's needs-narrowness-intrusiveness criteria for preliminary injunctive relief, but it did not make findings as to them. *See* 18 U.S.C. § 3626(a)(2).

C.  The contempt order and implementation order

On June 4, the County filed an affidavit in which Warden Quigley expressed concerns that complying with the May 20 preliminary injunction would compromise the safety and security of the Jail. She also stated that she was "prepared to move" Velazquez-Diaz to another part of the F-Block which would allow Velazquez-Diaz greater freedom of movement "should it be so ordered by the Court," but that she could not recommend a means for the Jail to provide Velazquez-Diaz visitation without a glass partition. App. [No. 19-2648] 44–45.

Velazquez-Diaz moved for contempt on the grounds that the Quigley affidavit was not a "plan" within the meaning of the May 20 preliminary injunction order. Then, on July 1, the County filed another affidavit and a plan for complying with the injunction. The District Court held a hearing on Velazquez-Diaz's motion for contempt and, on July 11, issued an order requiring the County to implement its July 1 plan.[3] On July 16, the County appealed this implementation order.

On July 11, the Court also granted the contempt motion and ordered the County and Warden Quigley to pay compensation to Velazquez-Diaz and attorneys' fees to her counsel. On July 22, the County appealed the Court's finding of contempt.

---

[3] On July 15, the Court extended the County's deadline for compliance.

8

At oral argument before this Court, the County acknowledged that Velazquez-Diaz has also been released from custody.

II[4]

A

We begin by holding that the appeals of the January 15 and May 20 preliminary injunctions and the implementation order are moot. An appeal is moot if events "occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996). "One such intervening event is the expiration of a preliminary injunction that is being challenged in an interlocutory appeal." *United States v. Sec'y, Fla. Dep't. of Corr.*, 778 F.3d 1223, 1228–29 (11th Cir. 2015).

Under the PLRA, a district court cannot "grant or approve any prospective relief" respecting prison conditions "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C.

---

[4] Because Victory and Velazquez-Diaz both sued under 42 U.S.C. § 1983, the District Court had subject matter jurisdiction under 28 U.S.C. § 1331. We had jurisdiction over the January 15 and May 20 preliminary injunctions and the implementation order under 28 U.S.C. § 1292(a)(1). We have jurisdiction over the contempt order because such orders are appealable "in connection with an appeal from the underlying preliminary injunction." *Latrobe Steel Co. v. United Steelworkers of Am.*, 545 F.2d 1336, 1340 (3d Cir. 1976).

§ 3626(a)(1)(A). Preliminary injunctive relief automatically expires "90 days after its entry, unless the court makes the findings required under subsection (a)(1) . . . and makes the order final . . . ." 18 U.S.C. § 3626(a)(2).

Both the January 15 and May 20 preliminary injunctions have expired. The District Court granted Victory's motion for a preliminary injunction on January 15, 2019 and Velazquez-Diaz's motion for a preliminary injunction on May 20, 2019. On the record before us, the Court never made needs-narrowness-intrusiveness findings. Because more than 90 days have elapsed since the injunctions were granted or amended, they have expired. Expired injunctions are nullities. They are moot on appeal and unenforceable by the district court, and so cannot present a live case or controversy.[5]

When the District Court's May 20 preliminary injunction expired, so too did the Court's July 11 order requiring the County to implement its plan for complying with the injunction. Indeed, the July 11 order refers to the plan as a "plan of compliance . . . with our May 20, 2019 Order." App. [19-2648] 3–4; *see Laube v. Campbell*, 255 F. Supp. 2d

---

[5] Appellants claim these appeals are not moot because the preliminary injunctions are capable of repetition yet evading review. A dispute qualifies for that exception only "if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Turner v. Rogers*, 564 U.S. 431, 439–440 (2011) (internal quotation marks omitted). But these preliminary injunctions do not evade review because the District Court can prevent future injunctions from expiring under the PLRA. *See Sec'y, Fla. Dep't. of Corr.*, 778 F.3d at 1229.

1301, 1304 (M.D. Ala. 2003) (holding that because a preliminary injunction expired under the PLRA, the court had "no basis" to order remedial plans under it). Because the implementation order expired, the appeal of it is moot.[6]

B

Although we conclude that the appeals of the January 15 and May 20 preliminary injunctions and the implementation order are moot, a live controversy exists with respect to the contempt order. We review a district court's decision on a motion for contempt for abuse of discretion. *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009). "To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995).[7]

Under the PLRA, a district court cannot "grant or approve any prospective relief" unless it makes needs-narrowness-intrusiveness findings. 18 U.S.C. § 3626(a)(1)(A).[8]

---

[6] Victory and Velazquez-Diaz's release from custody also moots these appeals. *See Sutton v. City of Philadelphia*, 21 F. Supp. 3d 474, 480–81 (E.D. Pa. 2014) (collecting cases).

[7] We have recognized that where a party appeals a civil contempt order as a "final decision" under 28 U.S.C. § 1291, "[t]here are strong policy reasons for limiting review . . . to matters which do not invalidate the underlying order." *Halderman v. Pennhurst State Sch. & Hosp.*, 673 F.2d 628, 637 (3d Cir. 1982). But that limitation does not apply where, as here, we have jurisdiction over the contempt order "in connection with an appeal from the underlying preliminary injunction." *Latrobe*, 545 F.2d at 1340.

[8] Preliminary injunctive relief is "prospective relief" under the PLRA. *See* 18 U.S.C. § 3626(g)(7), (g)(9).

Our sister circuits have held that, at a minimum, a district court's findings must be "sufficient to allow a clear understanding of the ruling." *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1070 (9th Cir. 2010) (internal quotation marks omitted). Other circuits require "particularized findings that each requirement imposed by the preliminary injunction satisfies each of the need-narrowness-intrusiveness criteria." *Sec'y, Fla. Dep't. of Corr.*, 778 F.3d at 1228.

Under either standard, the District Court failed to make the required findings with respect to the May 20 preliminary injunction. To be sure, the District Court discussed the traditional factors used for evaluating motions for preliminary injunctions. It also recited the PLRA's needs-narrowness-intrusiveness criteria. But "the fundamental purpose of the PLRA sections relevant to this case is to ensure that prospective relief, in fact" meets the needs-narrowness-intrusiveness criteria, "not merely to ensure that the district court uses . . . particular words to justify an otherwise untenable injunction." *Alloway v. Hodge*, 72 F. App'x 812, 816 (10th Cir. 2003). Because the complete absence of any specific findings with respect to the needs-narrowness-intrusiveness criteria "leaves us to doubt whether the district court considered any of the PLRA's additional factors when crafting the preliminary injunction," *id.* at 817, the May 20 preliminary injunction was without

12

legal effect at the time that Velazquez-Diaz moved for contempt.[9] The District Court thus abused its discretion in granting the motion for contempt of the May 20 preliminary injunction order.

## III

For the reasons stated, we will dismiss the appeals of the January 15 and May 20 preliminary injunctions and implementation order, reverse the contempt order, and remand the matter for further proceedings consistent with this opinion.

---

[9] The District Court also abused its discretion by failing to apply our heightened standard for mandatory preliminary injunctions: district courts must find an "indisputably clear" need for such relief. *Trinity Indus., Inc. v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 139 (3d Cir. 2013) (describing our heightened standard); *see also Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008) (refusing to grant mandatory relief without more than typical proof of irreparable harm).